The State, ex rel. Dodson, Appellant, *v.* Industrial Commission of Ohio et al., Appellees.

(No. 78-469—Decided June 20, 1979.)

Edward J. Cox Co. L. P. A., Mr Edward J. Cox, Sr., Bustamante, Donohoe & Palmisano Co., L. P. A., Mr. John H. Bustamante and Mr. Harry R. Paulino, for appellant.

Mr. William J. Brown, attorney general, and Mr. Solomon Hertzel Basch, for appellee Industrial Commission.

Messrs. Thompson, Hine & Flory, Mr. Arthur F. Zalud and Mr. Matthew J. Hatchadorian, for appellee National Acme Co.

Per Curiam. The sole issue before this court is whether the pending appeal filed by appellant in the Court of Common Pleas constitutes a plain and adequate remedy and, thus, precludes the Court of Appeals from entertaining appellant's complaint in mandamus. State, ex rel. Niles, v. Bernard (1978), 53 Ohio St. 2d 31, 33.

In paragraph one of the syllabus in Zavatsky v. String-

*er* (1978), 56 Ohio St. 2d 386, this court held the following:

"An order of the Industrial Commission which *either denies or allows a claimant the right to participate in the Workers' Compensation Fund* for injury to a specific part or parts of the body involving loss or impairment of bodily functions on the basis that such was or was not the result of a compensable injury, is a decision other than one as to the extent of disability and, thus, pursuant to R. C. 4123.-519, *may be appealed to the Court of Common Pleas* by the claimant in the event of such a denial, or by the employer in the event of such an allowance." (Emphasis added.)

The commission's finding in the instant cause was not a denial of appellant's right to participate in the Workers' Compensation Fund. The issue before the commission was limited to whether, considering those disabilities which had been allowed, appellant was permanently and totally disabled. This is evident upon the face of appellant's motion for permanent and total disability, which reads as follows:

"Now comes the Claimant [appellant], Elizabeth S. Dodson, and moves the Industrial Commission for an order declaring her to be permanently and totally disabled *as a direct result of her injury* dated June 12, 1964." (Emphasis added.)

In *Smith* v. *Krouse* (1978), 54 Ohio St. 2d 369, 370, this court held that an "order of the commission finding appellant to be permanently and totally disabled 'but not due to the [prior] allowed injury' " is not appealable to the Court of Common Pleas under R. C. 4123.519.

Filing an appeal from a commission order which is not appealable is a futile act, and can not constitute a plain and adequate remedy in the ordinary course of the law.

Accordingly, the judgment of the Court of Appeals sustaining the motion to dismiss is reversed and the cause is remanded to that court for further proceedings.

*Judgment reversed and cause remanded.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.