OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Yitzchak E. Gold, Assistant Court Reporter. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. B & C Machine Company, Appellant, v. Industrial Commission of Ohio et al., Appellees.

[Cite as State ex rel. B & C Machine Co. v. Indus. Comm. (1992),    Ohio St.3d    .]

Workers' compensation -- Industrial Commission has authority pursuant to R.C. 4123.52 to modify a prior order that is clearly a mistake of law.

The Industrial Commission has the authority pursuant to R.C. 4123.52 to modify a prior order that is clearly a mistake of law.

(No. 92-150 -- Submitted October 20, 1992 -- Decided December 30, 1992.)

Appeal from the Court of Appeals for Franklin County, No. 90AP-624.

In 1969, Elmer Holik was injured while in the course of and arising from his employment with appellant, B & C Machine Company. Following the allowance of his workers' compensation claim, Elmer applied for and was granted an additional forty percent award due to appellant's violation of a specific safety requirement.

In 1977, appellee Industrial Commission of Ohio ("commission") awarded Elmer "medical treatment for control of diabetes due to industrial injury of amputation left hand." Elmer died in 1978 of diabetes-related renal disease. On October 21, 1980, Elmer's widow, appellee Sylvia R. Holik, filed an application for death benefits. A district hearing officer granted the death claim in February 1981, finding that Elmer's death was a result of an injury sustained in his employment with appellant. The order, and thus the award, were administratively affirmed. However, the death benefits did not include the additional forty percent awarded to Elmer during his lifetime for violation, by appellant, of the specific safety requirement.

On October 7, 1986, Sylvia's counsel wrote to the commission, claiming that the additional forty percent award entitled Sylvia to an additional $86.40 per week in death benefits. Sylvia's counsel further claimed that Sylvia was due eight years of additional compensation amounting to

$35,942.40.  The commission construed the letter as a motion for further benefits and scheduled the matter for hearing.

A hearing was conducted on May 2, 1989, and, as a result, the commission denied Sylvia's request for increased benefits. The commission concluded that the additional forty percent award paid to Elmer during his lifetime abated at his death. The commission further concluded that Sylvia was not entitled to the additional award because she did not file for such compensation within two years of Elmer's death.  The commission stated that its decision was based upon Indus. Comm. v. Davis (1933), 126 Ohio St. 593, 186 N.E. 505, and State ex rel. Carr v. Indus. Comm. (1935), 130 Ohio St. 185, 4 O.O. 122, 198 N.E. 480.

On July 20, 1989, Sylvia requested that the commission rehear its prior order denying the additional benefits.  The following day, Sylvia also appealed the commission's order, pursuant to R.C. 4123.519, to the Court of Common Pleas of Summit County.  Subsequently, the commission vacated its prior order and, on January 17, 1990, granted the increased award, stating that:

"It is the finding and order of the Commission that is [sic] retains jurisdiction over this claim in order to determine whether or not the order finding a violation of specific safety requirement dated July 28, 1973 was abated by reason of the claimant's death * * *.  It is the finding of the Industrial Commission that the widow-claimant does have a vested right to continue to receive the additional award ordered by the Industrial Commission on July 28, 1973 and her right to receive such benefits survives the death of the decedent.  * * * [O]nce a violation of specific safety requirement has been found by the Industrial Commission in the deceased-claimant's claim, it is unnecessary that the widow-claimant re-apply to the Industrial Commission for re-determining the existence or finding of a violation of specific safety requirement.  Payment of the additional award to the widow-claimant * * * is to be made from October 26, 1978 to the present.  The violation of the specific safety requirement award was July 28, 1973.  40% award shall attach to death benefits payable to the widow-claimant.  This determination is made pursuant to Commission rule 4121-3-20(A) and Article 2, Section 35 of the Ohio Constitution.  * * *"

Appellant filed a complaint in mandamus in the Court of Appeals for Franklin County, challenging the commission's January 17, 1990 findings and order.  The court of appeals found no abuse of discretion and denied the writ.

This matter is now before this court upon an appeal as of right.

Buckingham, Doolittle & Burroughs, Brett L. Miller and Eleanor J. Tschugunov, for appellant.

Lee I. Fisher, Attorney General, and Cordelia A. Glenn, Assistant Attorney General, for appellee Industrial Commission.

Stewart Jaffy & Associates, Stewart R. Jaffy and Marc J. Jaffy; Pavick & Pavick and Michael J. Pavick, for appellee Holik.

Douglas, J.   The underlying issue in this appeal is

whether the commission had the authority to vacate and reconsider its 1989 order denying additional benefits to Sylvia Holik. For the reasons that follow, we find that the commission had such authority. We further hold that the commission's January 17, 1990 decision is in accordance with law.

As a threshold matter, we note that appellant essentially concedes that the Summit County Court of Common Pleas did not have subject-matter jurisdiction to address the merits of Sylvia's R.C. 4123.519 appeal but, nevertheless, contends, citing various cases, that the filing of the notice of appeal in the common pleas court by Sylvia divested the commission of jurisdiction to reconsider its 1989 order, rendering the commission's January 17, 1990 decision null and void. The court of appeals, in addressing appellant's contention, concluded that: "* * * [T]he filing of an appeal terminates the Industrial Commission's authority to reconsider its decision only when the decision is appealable to a court. In other words, the agency's authority to reconsider its decision is not terminated by an attempted appeal from a decision which as a matter of law is not appealable." We agree with the conclusion reached by the court of appeals.

Without question, specific-safety-requirement-violation determinations by the commission are not directly appealable to the court of common pleas. See Afrates v. Lorain (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175. Section 35, Article II of the Ohio Constitution vests exclusive and final jurisdiction in the commission, with respect to specific-safety-requirement violations, subject to correction in mandamus upon a showing of an abuse of discretion. State ex rel. Cincinnati Drum Service, Inc. v. Indus. Comm. (1990), 52 Ohio St.3d 135, 556 N.E.2d 459. Further, this court has determined that the filing of a R.C. 4123.519 appeal from a commission order which is not appealable is a "futile act." However, such a filing does not bar a suit in mandamus. See State ex rel. Dodson v. Indus. Comm. (1979), 58 Ohio St.2d 399, 401, 12 O.O.3d 345, 346, 390 N.E.2d 1189, 1190. Thus, in view of the foregoing, we believe that the notice of appeal filed by Sylvia should be treated as a nullity and, as such, the notice does not divest the commission of jurisdiction to reconsider its 1989 order. Moreover, it is clear that appellant's reliance on those cases which hold that the commission retains jurisdiction to reconsider a decision only until the time an appeal is filed, or the time for appeal has run, is misplaced.

Appellant also objects to the January 17, 1990 award of additional benefits to Sylvia on the basis that the commission did not have jurisdiction to award such benefits since Sylvia's 1986 request was not filed within two years of Elmer's death. However, we believe under the facts of this case the commission had the authority under R.C. 4123.52 to consider Sylvia's 1986 request and correct its clear mistake of law in originally denying the additional benefits.

Continuing jurisdiction is vested in the commission by R.C. 4123.52, which provides, in part, that:

"The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or

orders with respect thereto, as, in its opinion is justified."
(Emphasis added.)

R.C. 4123.52 contains a broad grant of authority. However, we are aware that the commission's continuing jurisdiction is not unlimited. See, e.g., State ex rel. Gatlin v. Yellow Freight System, Inc. (1985), 18 Ohio St.3d 246, 18 OBR 302, 480 N.E.3d 487 (commission has inherent power to reconsider its order for a reasonable period of time absent statutory or administrative restrictions); State ex rel. Cuyahoga Hts. Bd. of Edn. v. Johnston (1979), 58 Ohio St.2d 132, 12 O.O.3d 128, 388 N.E.2d 1383 (just cause for modification of a prior order includes new and changed conditions); State ex rel. Weimer v. Indus. Comm. (1980), 62 Ohio St.2d 159, 16 O.O.3d 174, 404 N.E.2d 149 (continuing jurisdiction exists when prior order is clearly a mistake of fact); State ex rel. Kilgore v. Indus. Comm. (1930), 123 Ohio St. 164, 174 N.E. 345 (commission has continuing jurisdiction in cases involving fraud); State ex rel. Manns v. Indus. Comm. (1988), 39 Ohio St.3d 188, 529 N.E.2d 1379 (an error by an inferior tribunal is a sufficient reason to invoke continuing jurisdiction); and State ex rel. Saunders v. Metal Container Corp. (1990), 52 Ohio St.3d 85, 86, 556 N.E.2d 168, 170 (mistake must be "sufficient to invoke the continuing jurisdiction provisions of R.C. 4123.52"). Today, we expand the list set forth above and hold that the Industrial Commission has the authority pursuant to R.C. 4123.52 to modify a prior order that is clearly a mistake of law. In so holding, we note that the court of appeals ably recognized that: "* * * [W]here it is clear that this court would issue a writ of mandamus ordering the Industrial Commission to vacate, modify or change a decision or order, the respondent Industrial Commission neither exceeds its authority or jurisdiction nor acts unlawfully nor abuses its discretion if it proceeds to make such correction that this court would clearly have ordered without awaiting either an action being filed in this court or a decision from this court if one be filed."

It is clear that the commission's 1989 order, denying Sylvia additional benefits, was a mistake of law. The commission's order was premised on the fact that Sylvia did not file a claim for additional benefits within two years of Elmer's death.

Ohio Adm.Code 4121-3-20 and 4123-3-20, and their predecessors, required that an application for an award for violation of a specific safety requirement be filed within two years of the injury or death resulting from the violation. Neither provision requires that an application be made within two years of the claimant's injury and, again, within two years of the claimant's death. Rather, when read in their entirety, these rules focus only on the initial specific-safety-requirement-violation determination. Here, an application for an award for violation of a specific safety requirement was filed by Elmer within two years of his injury. The commission has determined that a violation occurred, that appellant's violation caused injury, and that injury caused death. It is apparent that the specific-safety-requirement violation caused Elmer's death. Hence, to require the widow, Sylvia, to reestablish that the specific-safety-requirement

violation caused the death of her husband would serve no useful purpose. Stated otherwise, the widow had nothing more to prove. The two-year administrative filing requirement was satisfied when Elmer filed his application. Given this factor, Sylvia was not required to file for additional benefits within two years of Elmer's death. Such additional benefits should have automatically attached to the death benefits paid Sylvia.

Accordingly, we find that the commission's January 17, 1990 order was correct in all respects. The judgment of the court of appeals denying appellant's writ is affirmed.

Judgment affirmed.

Sweeney, H. Brown and Resnick, JJ., concur.

Moyer, C.J., Holmes and Wright, JJ., dissent.

Moyer, C.J., dissenting. In reaching the result that it does, the majority ignores the rule of law established as precedent in this court. Accordingly, I respectfully dissent.

An action in mandamus will lie when a public agency is under a clear legal duty to perform an official act and there is no plain and adequate remedy in the ordinary course of law. State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141, 40 O.O.2d 141, 228 N.E.2d 631, paragraph one of the syllabus. Thus, mandamus is appropriate when the Industrial Commission makes a decision on a request for an award of benefits for violation of a specific safety requirement ("VSSR") which the law clearly prohibits. See State ex rel. Carr v. Indus. Comm. (1935), 130 Ohio St. 185, 4 O.O. 122, 198 N.E. 480. Because in my view the law clearly prohibits the commission from reconsidering its initial order denying benefits under the circumstances of this case, I would grant the writ.

R.C. 4123.52 provides that the Industrial Commission has continuing jurisdiction over each case and that it may modify former orders "as, in its opinion is justified." Just cause for such a modification includes new and changed conditions, State ex rel. Cuyahoga Hts. Bd. of Edn. v. Johnston (1979), 58 Ohio St.2d 132, 12 O.O.3d 128, 388 N.E.2d 1383; mistake of fact, State ex rel. Weimer v. Indus. Comm. (1980), 62 Ohio St.2d 159, 16 O.O.3d 174, 404 N.E.2d 149; fraud, State ex rel. Kilgore v. Indus. Comm. (1930), 123 Ohio St. 164, 174 N.E. 345; and mistake by an inferior tribunal, State ex rel. Saunders v. Metal Container Corp. (1990), 52 Ohio St.3d 85, 556 N.E.2d 168.

Today, the majority adds to the list mistake of law in a prior order. Because I would hold that the commission's lack of power to modify its prior order is jurisdictional in nature, I would not reach this substantive question.

The dispositive principle in this case is that the power of the commission to modify a prior order is limited. The commission has jurisdiction to reconsider its decision until the expiration of time in which to initiate a court appeal, or until the actual institution of an appeal. State ex rel. Prayner v. Indus. Comm. (1965), 2 Ohio St.2d 120, 31 O.O.2d 192, 206 N.E.2d 911.

This rule applies even where the court to which appeal is taken has no jurisdiction to hear the appeal. State ex rel. Borsuk v. Cleveland (1972), 28 Ohio St.2d 224, 57 O.O.2d 464, 277 N.E.2d 419 (civil service commission has jurisdiction to reconsider decision until expiration of time for appeal or

until actual appeal taken); Diltz v. Crouch (1962), 173 Ohio St. 367, 19 O.O.2d 312, 182 N.E.2d 315 (Board of Liquor Control has continuing jurisdiction until expiration of time for appeal, or actual appeal).

In Diltz, the plaintiffs were holders of liquor permits which the Board of Liquor Control revoked. Plaintiffs appealed the revocations to the trial court, which affirmed the board's decision. Thereafter, plaintiffs applied to the board for reconsideration, and the board modified the revocations to suspensions. This court held that even though the trial court lacked jurisdiction to hear the plaintiffs' appeal, the initiation of that appeal nevertheless terminated the board's jurisdiction to modify its prior order.

In Borsuk, relator was a police officer terminated after his one-year probationary period. Relator requested a hearing before the city civil service commission, pursuant to which the commission reinstated him. The city requested a rehearing, and afterwards appealed the commission's decision to the court of common pleas. The trial court dismissed the appeal for lack of subject-matter jurisdiction. The commission then refused to rehear the matter, stating that it lacked jurisdiction in view of the prior court appeal. The officer brought a mandamus action to compel the city to reinstate him pursuant to the pre-appeal order. The city opposed the mandamus action, arguing that the commission still had jurisdiction to rehear the matter and modify its order. This court affirmed the court of appeals in granting the writ, holding that the commission lost its jurisdiction to modify its order once the city appealed. Citing Diltz as controlling, this court expressly rejected the argument that because the trial court lacked jurisdiction to hear the city's appeal, the appeal never divested the commission of its power to rehear the matter.

It is not in dispute that VSSR determinations by the commission are not directly appealable to the court of common pleas. State ex rel. Cincinnati Drum Serv. v. Indus. Comm. (1990), 52 Ohio St.3d 135, 556 N.E.2d 459. The majority states, however, that because the commission's order was not appealable but instead subject only to an action in mandamus, Sylvia Holik's appeal did not divest the commission of jurisdiction to reconsider its order. Diltz and Borsuk, supra, however, hold otherwise. The majority opinion fails to cite any authority that contradicts the clear holdings of these cases. Nor does it give any principled reason for distinguishing them, other than the bald assertion that reliance on these cases "is misplaced." The majority thus exempts the Industrial Commission from law that governs other administrative agencies.

In fact, the reasoning in Diltz and Borsuk is equally applicable here. Once the Industrial Commission denied VSSR benefits to appellee Holik, it retained jurisdiction to modify its order, for good cause shown, until the expiration of the time for appeal or the actual institution of appeal. When Holik instituted her court appeal on July 21, 1989, however, the commission lost the power to modify its prior order. The fact that the court of common pleas lacked jurisdiction to hear Holik's appeal from an adverse decision of the commission on her entitlement to VSSR benefits does not change this result.

The trial court did have jurisdiction to make the threshold determination of whether to allow the action to proceed. See State ex rel. Dickison v. Court of Common Pleas (1971), 28 Ohio St.2d 179, 57 O.O.2d 411, 277 N.E.2d 210.

The majority chooses to ignore this clear and well-established law, asserting instead that because the filing of an R.C. 4123.519 appeal is a "futile act," it could not divest the commission of the power to reconsider. Although such an appeal may be futile, it is not without consequences. While it is unfortunate that appellee made the decision to file a futile appeal to the court of common pleas, apparently without the awareness of these consequences, it is not the function of this court to mitigate the errors of litigants or their counsel by ignoring applicable law. The appeals taken from administrative bodies in Diltz and Borsuk were equally futile acts, yet they ended the jurisdiction of the agency to reconsider. The same result should occur here.

I would hold that the Industrial Commission loses jurisdiction to reconsider its own order once the party requesting reconsideration of the order has appealed it to the court of common pleas.

To achieve the result it does, the majority overlooks the principle that true fairness in the law requires its consistent application and respect for binding precedent. Because this court's precedent contradicts the majority's decision in this case, I respectfully dissent.

Holmes and Wright, JJ., concur in the foregoing dissenting opinion.