Douglas, J.
The underlying issue in this appeal is whether the commission had the authority to vacate and reconsider its 1989 order denying additional benefits to Sylvia Holik. For the reasons that follow, we find that the commission had such authority. We further hold that the commission’s January 17, 1990 decision is in accordance with law.
As a threshold matter, we note that appellant essentially concedes that the Summit County Court of Common Pleas did not have subject-matter jurisdiction to address the merits of Sylvia’s R.C. 4123.519 appeal but, nevertheless, contends, citing various cases, that the filing of the notice of appeal in the common pleas court by Sylvia divested the commission of jurisdiction to reconsider its 1989 order, rendering the commission’s January 17, 1990 decision null and void. The court of appeals, in addressing appellant’s contention, concluded that: “ * * * [T]he filing of an appeal terminates the Industrial Commission’s authority to reconsider its decision only when the decision is appealable to a court. In other words, the agency’s authority to reconsider its decision is not terminated by an attempted appeal from a decision which as a matter of law is not appealable.” We agree with the conclusion reached by the court of appeals.
Without question, specific-safety-requirement-violation determinations by the commission are not directly appealable to the court of common pleas. See *541 Afrates v. Lorain (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175. Section 35, Article II of the Ohio Constitution vests exclusive and final jurisdiction in the commission, with respect to specific-safety-requirement violations, subject to correction in mandamus upon a showing of an abuse of discretion. State ex rel. Cincinnati Drum Service, Inc. v. Indus. Comm. (1990), 52 Ohio St.3d 135, 556 N.E.2d 459. Further, this court has determined that the filing of a R.C. 4123.519 appeal from a commission order which is not appealable is a “futile act.” However, such a filing does not bar a suit in mandamus. See State ex rel. Dodson v. Indus. Comm. (1979), 58 Ohio St.2d 399, 401, 12 O.O.3d 345, 346, 390 N.E.2d 1189, 1190. Thus, in view of the foregoing, we believe that the notice of appeal filed by Sylvia should be treated as a nullity and, as such, the notice does not divest the commission of jurisdiction to reconsider its 1989 order. Moreover, it is clear that appellant’s reliance on those cases which hold that the commission retains jurisdiction to reconsider a decision only until the time an appeal is filed, or the time for appeal has run, is misplaced.
Appellant also objects to the January 17, 1990 award of additional benefits to Sylvia on the basis that the commission did not have jurisdiction to award such benefits since Sylvia’s 1986 request was not filed within two years of Elmer’s death. However, we believe under the facts of this case the commission had the authority under R.C. 4123.52 to consider Sylvia’s 1986 request and correct its clear mistake of law in originally denying the additional benefits.
Continuing jurisdiction is vested in the commission by R.C. 4123.52, which provides, in part, that:
“The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified." (Emphasis added.)
R.C. 4123.52 contains a broad grant of authority. However, we are aware that the commission’s continuing jurisdiction is not unlimited. See, e.g., State ex rel. Gatlin v. Yellow Freight System, Inc. (1985), 18 Ohio St.3d 246, 18 OBR 302, 480 N.E.2d 487 (commission has inherent power to reconsider its order for a reasonable period of time absent statutory or administrative restrictions); State ex rel. Cuyahoga Hts. Bd. ofEdn. v. Johnston (1979), 58 Ohio St.2d 132, 12 O.O.3d 128, 388 N.E.2d 1383 (just cause for modification of a prior order includes new and changed conditions); State ex rel. Weimer v. Indus. Comm. (1980), 62 Ohio St.2d 159, 16 O.O.3d 174, 404 N.E.2d 149 (continuing jurisdiction exists when prior order is clearly a mistake of fact); State ex rel. Kilgore v. Indus. Comm. (1930), 123 Ohio St. 164, 9 Ohio Law Abs. 62, 174 N.E. 345 (commission has continuing jurisdiction in cases involv *542 ing fraud); State ex rel. Manns v. Indus. Comm. (1988), 39 Ohio St.3d 188, 529 N.E.2d 1379 (an error by an inferior tribunal is a sufficient reason to invoke continuing jurisdiction); and State ex rel. Saunders v. Metal Container Corp. (1990), 52 Ohio St.3d 85, 86, 556 N.E.2d 168, 170 (mistake must be “sufficient to invoke the continuing jurisdiction provisions of R.C. 4123.52”). Today, we expand the list set forth above and hold that the Industrial Commission has the authority pursuant to R.C. 4123.52 to modify a prior order that is clearly a mistake of law. In so holding, we note that the court of appeals ably recognized that: “ * * * [W]here it is clear that this court would issue a writ of mandamus ordering the Industrial Commission to vacate, modify or change a decision or order, the respondent Industrial Commission neither exceeds its authority or jurisdiction nor acts unlawfully nor abuses its discretion if it proceeds to make such correction that this court would clearly have ordered without awaiting either an action being filed in this court or a decision from this court if one be filed.”
It is clear that the commission’s 1989 order, denying Sylvia additional benefits, was a mistake of law. The commission’s order was premised on the fact that Sylvia did not file a claim for additional benefits within two years of Elmer’s death.
Ohio Adm.Code 4121-3-20 and 4123-3-20, and their predecessors, required that an application for an award for violation of a specific safety requirement be filed within two years of the injury or death resulting from the violation. Neither provision requires that an application be made within two years of the claimant’s injury and, again, within two years of the claimant’s death. Rather, when read in their entirety, these rules focus only on the initial specific-safety-requirement-violation determination. Here, an application for an award for violation of a specific safety requirement was filed by Elmer within two years of his injury. The commission has determined that a violation occurred, that appellant’s violation caused injury, and that injury caused death. It is apparent that the. specific-safety-requirement violation caused Elmer’s death. Hence, to require the widow, Sylvia, to reestablish that the specific-safety-requirement violation caused the death of her husband would serve no useful purpose. Stated otherwise, the widow had nothing more to prove. The two-year administrative filing requirement was satisfied when Elmer filed his application. Given this factor, Sylvia was not required to file for additional benefits within two years of Elmer’s death. Such additional benefits should have automatically attached to the death benefits paid Sylvia.
Accordingly, we find that the commission’s January 17, 1990 order was correct in all respects. The judgment of the court of appeals denying appellant’s writ is affirmed.

Judgment affirmed.

*543 Sweeney, H. Brown and Resnick, JJ., concur.
Moyer, C.J., Holmes and Wright, JJ., dissent.