DECISION ON OBJECTIONS TO THE MAGISTRATE'S DECISION
{¶ 1} Relator, Allen E. Segedy, has filed an original action in mandamus requesting this court to issue a writ of mandamus to order respondent, Industrial Commission of Ohio, to vacate its June 26, 2003 order that reset relator's average weekly wage at $404.08 from $785, and to apply the higher average weekly wage, as ordered by a staff hearing officer, to all compensation paid in his claim. In response, the commission filed a motion for summary judgment.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate decided that the commission's motion for summary judgment should be granted. Relator has filed objections to the magistrate's decision.
 {¶ 3} In his objections, relator argues that there is a genuine issue of material fact so as to preclude the granting of summary judgment in favor of the commission, and that the commission's orders dated May 22, 2003 and June 26, 2003, fail to set forth a basis for its exercise of continuing jurisdiction.
 {¶ 4} Relator has failed to articulate what genuine issues of material fact exist and a review of the record discloses none. Further, we find the commission's orders adequately stated the mistake of law that formed the basis for its exercise of continuing jurisdiction when it stated in its order of May 23, 2003, and June 26, 2003, respectively:
Specifically, there is evidence that a mistake of law may have occurred concerning whether the Staff Hearing Officer, in the order dated 02/07/2002, mailed 02/14/2002, had jurisdiction to reset the average weekly wage.
* * * The Industrial Commission finds that the 02/07/2002 Staff Hearing Officer order setting the average weekly wage at $785 contains a clear mistake of law of such character that remedial action would clearly follow, as it alters the average weekly wage that was previously established by orders of the Industrial Commission and confirmed by decisions of the Tenth District Court of Appeals and the Supreme Court of Ohio. * * *
 {¶ 5} Upon a review of the magistrate's decision and an independent review of the record, this court adopts the magistrate's decision as its own. Relator's objections to the magistrate's decision are overruled, and the requested writ of mandamus is denied.
Objections overruled, writ of mandamus denied.
Bryant and Klatt, JJ., Concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. Allen E. Segedy, : Relator, : v. : No. 03AP-1235 Arts Residential Roofing and : (REGULAR CALENDAR) Industrial Commission of Ohio, : Respondents. :
 MAGISTRATE'S DECISION Rendered on August 10, 2004 Allen E. Segedy, pro se.
Jim Petro, Attorney General, and Dennis H. Behm, for respondent Industrial Commission of Ohio.
 IN MANDAMUS ON MOTIONS FOR SUMMARY JUDGMENT {¶ 6} In this original action, relator, Allen E. Segedy, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its June 26, 2003 order that: (1) sua sponte invokes continuing jurisdiction over a February 7, 2002 order of a staff hearing officer ("SHO") that reset relator's average weekly wage ("AWW") from $404.08 to $785; and (2) reinstates an order of a district hearing officer ("DHO") finding that AWW remains at $404.08.
 {¶ 7} Relator also requests that the writ order the commission to vacate that portion of its June 26, 2003 order that ruled on an administrative appeal by reinstating a March 13, 2003 DHO's order that had denied relator's January 14, 2003 motion that his AWW be adjusted as to all compensation paid in the claim, and to enter an order granting AWW adjustment as to all compensation paid in the claim.
 {¶ 8} Relator also requests that the writ order the commission to vacate the December 5, 2002 SHO's order that denied relator's October 10, 2002 motion for the exercise of continuing jurisdiction over the February 7, 2002 SHO's order, and to enter an order that adjusts all compensation paid in the claim based upon the new AWW set forth in the SHO's order of February 7, 2002.
Findings of Fact:
 {¶ 9} 1. On December 15, 2003, relator filed this mandamus action to challenge certain orders of the commission relating to his AWW in an industrial claim for an injury that occurred on June 20, 1991.
 {¶ 10} 2. On March 15, 2004, respondent moved for summary judgment. On April 12, 2004, relator moved for summary judgment. Copies of commission claim file documents have been submitted in support of the respective motions.
 {¶ 11} 3. There is no genuine issue of material fact with respect to the following findings of fact which are obtained from the copies of commission claim file documents.
 {¶ 12} 4. On June 20, 1991, relator sustained an industrial injury. The industrial claim is assigned claim No. 91-17289.
 {¶ 13} 5. On January 22, 1992, the industrial claim came before a DHO on the matter of the AWW to be set, resulting in the following order:
This District Hearing Officer sets the Average Weekly Wage at $404.08 based on a payroll of $9,900.00 for the first half in 1991. Found persuasive was the computer print out sheet from the Bureau of Workers Compensation Auditing Section which shows premiums paid on $9,900.00 in payroll for the first half of 1991. Further, this District Hearing Officer notes that in deriving the $404.08 figure, the $9,900.00 total was divided by 24.5 weeks since claimant was disabled from 6/21/91 through 6/30/91. Prior awards are ordered adjusted accordingly.
Lastly, this District Hearing Officer notes claimant has refused to submit individual tax returns, therefore the actual payroll submitted to the Bureau of Workers Compensation was used.
 {¶ 14} 6. Relator administratively appealed the DHO's order of January 22, 1992 to the Cleveland Regional Board of Review. Following a February 11, 1992 hearing, the regional board of review affirmed the decision of the DHO.
 {¶ 15} 7. Relator administratively appealed the February 11, 1992 order of the regional board of review. Following a July 24, 1992 hearing before two commission SHOs, the SHOs issued an order affirming the decision of the regional board of review.
 {¶ 16} 8. On April 29, 1993, relator filed in this court a mandamus action which was assigned case No. 93AP-606. The mandamus action was referenced to a court referee who issued her report on January 19, 1994. The referee's report contains findings of fact and conclusions of law. In her conclusions of law, the referee found that the commission had abused its discretion in calculating relator's AWW. The referee recommended that this court issue a writ of mandamus for the commission to further consider the matter of AWW.
 {¶ 17} 9. In its memorandum decision of April 12, 1994, this court adopted the referee's findings of fact, but rejected her conclusions of law. This court explained:
* * * The burden is on relator to prove his right to an alternative calculation for an average weekly wage pursuant to R.C. 4123.61. State ex rel. Wireman v. Indus. Comm. (1990),49 Ohio St.3d 286. Relator apparently refused or failed to produce his income tax returns at the request of the commission in order that his average weekly wage could be determined. Therefore, the commission relied on the payroll that relator reported to the bureau for the first half of 1991. Despite speculation by the referee, there is no indication that there were any employees on the $9,900 payroll other than relator. At no time did relator present any evidence that there were any employees other than relator on the payroll. Therefore, we find that there is some evidence to support the commission's finding that relator's average weekly wage was correctly set at $404.08.
For the foregoing reasons, respondent's objections to the report and recommendation of the referee are sustained, and the requested writ of mandamus is denied.
 {¶ 18} 10. On April 12, 1994, citing its memorandum decision, this court entered judgment denying the requested writ of mandamus in case No. 93AP-606.
 {¶ 19} 11. Relator appealed the judgment of this court in case No. 93AP-606 to the Supreme Court of Ohio. This was an appeal as of right; however, on July 14, 1994, the Supreme Court dismissed the appeal because relator failed to file a merit brief in compliance with the Rules of Practice of the Supreme Court.
 {¶ 20} 12. By an order of an SHO mailed September 2, 1994, the commission officially recognized the finality of this court's decision denying relator's request for a writ of mandamus in case No. 93AP-606.
 {¶ 21} 13. On March 28, 2001, relator filed a motion challenging the setting of AWW.
 {¶ 22} 14. Following a July 11, 2001 hearing, a DHO issued an order denying relator's March 28, 2001 motion. The DHO's order states:
Claimant has failed to show sufficient cause to justify the relitigation of the issue of the setting of the Average Weekly Wage. The matter has previously been decided (see DHO orders 01/22/92, Regional Board of Review order 02/11/1992, I.C. Staff Hearing Order 07/24/1992, Referee report 01/19/1994, Court Of Appeals of Ohio, Tenth Appellate District order 04/12/1994, Supreme Court of Ohio Dismissal Order 05/13/1994; DHO order 10/31/1995 finding no prior factual mistake or misapplication of the * * * law throughout the administrative and court level determinations regarding Average Weekly Wage, SHO order 01/19/1996 affirming that decision and 08/22/1996 Ex Parte Order.)
No new evidence is submitted with the present motion which has not been previously considered.
The prior findings which established the Average Weekly Wage at $404.08 remain in effect.
 {¶ 23} 15. Relator administratively appealed the DHO's order of July 11, 2001. Following a February 7, 2002 hearing, an SHO issued an order that vacates the DHO's order. The SHO's order of February 7, 2002, states:
The Staff Hearing Officer finds that he has jurisdiction to address the average weekly wage pursuant to ORC 4123.52.
The average weekly wage is adjusted to $785.00 This is based upon the $7065.10 claimant earned divided by the 9 weeks claimant worked in the year prior.
Recompute prior awards for only two years prior to the date of claimant's application. Awards beyond two years are not included per Hearing Officer Manual Q1.
 {¶ 24} 16. On March 22, 2002, another SHO mailed an order refusing relator's administrative appeal from the SHO's order of February 7, 2002.
 {¶ 25} 17. On October 10, 2002, relator moved for the exercise of continuing jurisdiction over the SHO's order of February 7, 2002. Relator claimed that the SHO's order of February 7, 2002, contained a clear mistake of law by limiting the adjustment of AWW to the two years prior to the filing of the March 28, 2001 application.
 {¶ 26} 18. Following a December 5, 2002 hearing, an SHO issued an order denying relator's October 10, 2002 motion for the exercise of continuing jurisdiction.
 {¶ 27} 19. On January 14, 2003, relator again moved that his AWW be adjusted as to all compensation paid in the claim.
 {¶ 28} 20. Following a March 13, 2003 hearing, a DHO issued an order denying relator's January 14, 2003 motion on grounds that the matter is res judicata.
 {¶ 29} 21. Relator administratively appealed the DHO's order of March 13, 2003.
 {¶ 30} 22. Following a March 27, 2003 hearing, an SHO issued a so-called "interlocutory order" stating:
The Staff Hearing Officer finds that she has no jurisdiction to address the issue of an effective date for recalculation of compensation based on the 02/07/2002 resetting of the average weekly wage. The basis of this finding is that this issue was adjudicated by the 12/05/2002 Staff Hearing Officer order. * * *
 {¶ 31} 23. On April 16, 2003, relator filed a notice of appeal from the March 27, 2003 "interlocutory order."
 {¶ 32} 24. On May 22, 2003, the commission itself issued an "interlocutory order" stating:
The appeal, filed 04/16/2003, by the injured worker from the order of the Staff Hearing Officer, dated 03/27/2003, mailed 03/29/2003, is referred to the Commission Level Hearings Section for docketing before the Members of the Industrial Commission.
Additionally, the Industrial Commission, sua sponte, under the Authority of R.C. 4123.52, orders that the matter of the injured worker's C-86 motion, filed 03/28/2001, requesting the re-setting of the average weekly wage, is referred to the Commission Level Hearings Section to be docketed before the Members of the Industrial Commission.
It is the finding of the Industrial Commission there is evidence of sufficient probative value to warrant adjudication of the injured worker's C-86 motion, filed 03/28/2001, requesting the re-setting of the average weekly wage, regarding the alleged presence of a clear mistake of law of such character that remedial action would clearly follow.
Specifically, there is evidence that a mistake of law may have occurred concerning whether the Staff Hearing Officer, in the order dated 02/07/2002, mailed 02/14/2002, had jurisdiction to reset the average weekly wage.
Based on these findings, the Industrial Commission directs that this matter be set for hearing to determine if the alleged mistake of law as noted herein is sufficient for the Industrial Commission to invoke its continuing jurisdiction.
In the interests of administrative economy and for the convenience of the parties, after the hearing on the question of continuing jurisdiction, the Industrial Commission will take the issue under advisement and proceed to hear the merits of the injured worker's appeal, filed 04/16/2003, from the Staff Hearing Officer order dated 03/27/2003 (formerly established date of application of AWW adjustment, to determine starting date for recalculation of benefits) and the injured worker's C-86 motion, filed 03/28/2001 (to reset average weekly wage).
(Emphasis sic.)
 {¶ 33} 25. On June 26, 2003, the three member commission heard the matters set forth in the May 22, 2003 interlocutory order. Following the hearing, the commission issued the following order:
* * * After further review and discussion, it is the decision of the Industrial Commission that the injured worker's appeal, filed 04/16/1003 [sic], is granted to the extent that the Staff Hearing Officer order, dated 03/27/2003, is vacated and the District Hearing Officer order, dated 03/13/2003, is reinstated. The District Hearing Officer order denied the injured worker's C-86 motion, filed 01/14/2003, requesting a determination of the appropriate start date for the payment of benefits based on the original date of the request to change the average weekly wage. The District Hearing Officer found the issue to be res judicata
based upon several previous orders issued by the Industrial Commission. The Industrial Commission agrees with that determination.
Additionally, the Industrial Commission, sua sponte, invokes its continuing jurisdiction under R.C. 4123.52, and vacates the 02/07/2002 Staff Hearing Officer order, and the 03/19/2002 refusal order. The Industrial Commission finds that the 02/07/2002 Staff Hearing Officer order setting the average weekly wage at $785 contains a clear mistake of law of such character that remedial action would clearly follow, as it alters the average weekly wage that was previously established by orders of the Industrial Commission and confirmed by decisions of the Tenth District Court of Appeals and the Supreme Court of Ohio. Therefore, it is the finding of the Industrial Commission that the Staff Hearing Officer, on 02/07/2002, was without jurisdiction to invoke the authority of R.C. 4123.52 as none of the required elements sufficient to invoke the authority of R.C.4123.52 were presented and the issue of determining the average weekly wage was res judicata. Therefore, the Industrial Commission orders that the 07/11/2001 District Hearing Officer order is reinstated and that the average weekly wage remains set at $404.08.
Furthermore, any overpayment created by this order is ordered recouped pursuant to the non-fraud provisions of R.C.4123.511(J).
(Emphasis sic.)
 {¶ 34} 26. Relator moved for reconsideration of the commission's June 26, 2003 order. On November 6, 2003, the commission denied reconsideration.
 {¶ 35} 27. On December 15, 2003, relator, Allen E. Segedy, filed this mandamus action.
Conclusions of Law:
 {¶ 36} Summary judgment is appropriate when the movant demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. Turner v.Turner (1993), 67 Ohio St.3d 337, 339-340; Bostic v. Connor
(1988), 37 Ohio St.3d 144, 146; Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66. The moving party bears the burden of proving no genuine issue of material fact exists. Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115.
 {¶ 37} As previously noted, both relator and respondent have filed motions for summary judgment. They have supported those motions with copies of documents from the commission's claim file. In fact, the evidence pertinent to this action consists largely of various commission orders and the motions from relator that prompted those orders. Accordingly, there is truly no dispute among the parties as to the material facts of this action. There is indeed no genuine issue of material fact. The only issue is one of law.
 {¶ 38} The dispositive issue is whether the commission properly exercised continuing jurisdiction over the SHO's order of February 7, 2002, that had reset AWW at $785. Finding that the commission properly exercised continuing jurisdiction over the SHO's order of February 7, 2002, it is the magistrate's decision that respondent's motion for summary judgment be granted and relator's motion for summary judgment be denied. Thus, the requested writ of mandamus must be denied.
 {¶ 39} Analysis begins with this court's prior judgment in the original action filed by relator on April 29, 1993. In that action, being case No. 93AP-606, relator challenged the commission's final order that set his AWW at $404.08 in industrial claim No. 91-17289. The commission's final order setting AWW at $404.08 was the July 24, 1992 order of the SHOs, which affirmed the order of the Cleveland Regional Board of Review, which affirmed the DHO's order of January 22, 1992. The DHO's order of January 22, 1992 contains the commission's explanation for its AWW calculation. In this court's memorandum decision of April 12, 1994, this court specifically addressed the explanation contained in the DHO's order of January 22, 1992, when it found that "there is some evidence to support the commission's finding that relator's average weekly wage was correctly set at $404.08." As previously noted, relator's appeal as of right of this court's judgment in case No. 93AP-606 was dismissed by the Supreme Court of Ohio.
 {¶ 40} In State ex rel. Shimko v. Lobe,152 Ohio App.3d 742,2003-Ohio-2200, at ¶ 43, this court succinctly explained the doctrine of res judicata:
"The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)." Gravav. Parkman Twp. (1995), 73 Ohio St.3d 379, 381 * * *. Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Id. at syllabus. "Transaction" has been defined as a "common nucleus of operative facts." Id. at 382 * * * quoting 1 Restatement of the Law 2d, Judgments (1982) 198-199, Section 24, Comment b. "`It has long been the law in Ohio that "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which wereor might have been litigated in a first lawsuit.'" * * * `The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it.'" (Emphasis sic.) Id., quoting Natl. Amusements,Inc. v. Springdale (1990), 53 Ohio St.3d 60, 62 * * * quotingRogers v. Whitehall (1986), 25 Ohio St.3d 67, 69 * * *.
(Emphasis sic.)
 {¶ 41} Relator's administrative motion filed on March 28, 2001, challenging the setting of his AWW was barred by this court's judgment in the prior mandamus action under the doctrine of res judicata. The issues relator presented to the commission by his March 28, 2001 motion were either raised or could have been raised in the prior mandamus action or the administrative proceedings that were the subject of the prior mandamus action. The DHO's order of July 11, 2001, appropriately recognized the preclusive effect of the prior litigation in denying relator's March 28, 2001 motion.
 {¶ 42} Unfortunately, upon relator's administrative appeal of the July 11, 2001 DHO's order, the SHO, following the February 7, 2002 hearing, improperly invoked the commission's continuing jurisdiction under R.C. 4123.52 to justify a resetting of relator's AWW at $785.
 {¶ 43} The commission's continuing jurisdiction is not unlimited. State ex rel. B C Machine Co. v. Indus. Comm.
(1992), 65 Ohio St.3d 538, 541. Its prerequisites are: (1) new and changed circumstances; (2) fraud; (3) clear mistake of fact; (4) clear mistake of law; or (5) error by inferior tribunal.State ex rel. Nicholls v. Indus. Comm. (1998),81 Ohio St.3d 454, 459. Moreover, in order to properly invoke continuing jurisdiction, the commission must specifically identify the error or grounds for its exercise. Nicholls; State ex rel. Foster v.Indus. Comm. (1999), 85 Ohio St.3d 320; State ex rel. Royal v.Indus. Comm. (2002), 95 Ohio St.3d 97.
 {¶ 44} The SHO's order of February 7, 2002, fails to specifically identify the error or grounds for the exercise of continuing jurisdiction. It merely asserts, without explanation, that the hearing officer has continuing jurisdiction under R.C.4123.52. Under such circumstances, the SHO's order of February 7, 2002, fails to invoke continuing jurisdiction. Id.
 {¶ 45} Given that the SHO's order of February 7, 2002, purports to exercise continuing jurisdiction over AWW in the absence of an identified error or ground for doing so, the order contains a clear mistake of law. The commission's May 22, 2003 interlocutory order appropriately identified the "alleged mistake of law." The commission's June 26, 2003 order appropriately found that the SHO's order of February 7, 2002, does contain a clear mistake of law requiring the commission to reinstate the July 11, 2001 DHO's order that appropriately determined that relator's March 28, 2001 motion was barred by the preclusive effect of this court's judgment in the prior mandamus action.
 {¶ 46} Given the above analysis, it is clear that relator's challenge to the SHO's order of December 5, 2002, that denied relator's October 10, 2002 motion for the exercise of continuing jurisdiction, is moot. Relator's October 10, 2002 motion for the adjustment of all compensation paid in the claim was premised upon the February 7, 2002 SHO's order which was appropriately vacated by the commission.
 {¶ 47} Given the above analysis, mootness also applies to relator's challenge to that portion of the commission's June 26, 2003 order, that reinstated the March 13, 2003 DHO's order, that denied relator's January 14, 2003 motion that his AWW be adjusted as to all compensation paid in the claim.
 {¶ 48} Accordingly, for all the above reasons, it is the magistrate's decision that this court grant respondent's motion for summary judgment and deny relator's motion for summary judgment. The granting of respondent's motion for summary judgment shall effectively deny relator's request for a writ of mandamus.
 /s/ Kenneth W. Macke
KENNETH W. MACKE MAGISTRATE