[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 248.]

THE STATE EX REL. FRANK W. SCHAEFER, INC., APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Frank W. Schaefer, Inc. v. Indus. Comm.*, 1998-Ohio-324.]

*Workers' compensation—Claim for compensation for asbestos-related death allowed—Former employer disputes that decedent's last injurious exposure occurred during his employment, offers newly discovered evidence on issue of last injurious exposure, and asks that Industrial Commission reopen the death claim pursuant to its continuing jurisdiction under R.C. 4123.52— Industrial Commission does not abuse its discretion in refusing to reopen the death claim, when.*

(No. 96-816—Submitted October 12, 1998—Decided December 30, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD12-1809.

———————————

{¶ 1} It is undisputed that between 1934 and 1961, Donald G. Preston was heavily exposed to asbestos in the course of his employment. From 1951 through 1961, Preston worked for Plibrico Sales & Service, a company succeeded by appellant Frank W. Schaefer, Inc. ("FWS"). For approximately the next twenty years, Preston was self-employed, doing residential general repair and maintenance.

{¶ 2} In 1989, Preston died of mesothelioma—an asbestos-induced cancer. His widow, appellee-claimant herein, filed a death claim with appellee Industrial Commission of Ohio. A district hearing officer allowed the death claim against FWS. FWS appealed, questioning the conclusion—inherent in the death-claim allowance against it—that decedent's last injurious exposure to asbestos had been in FWS's employ.

**{¶ 3}** FWS does not dispute that at some point during the administrative appeals, it was informed that decedent had kept records with regard to his subsequent self-employment. FWS did not request those records at that time.

**{¶ 4}** The district hearing officer's order was administratively affirmed. FWS retained new legal counsel and appealed to the Franklin County Common Pleas Court pursuant to R.C. 4123.512. During discovery, FWS, for the first time, requested production of decedent's business records. Widow-claimant promptly forwarded those records. FWS does not dispute that those records—which covered decedent's approximately twenty years of self-employment—contained only one reference to asbestos. That entry, dated August 17, 1962, stated that on that date, decedent had replaced one piece of asbestos siding for which he charged $16.

**{¶ 5}** It is undisputed that on September 28, 1993, FWS voluntarily dismissed its common pleas appeal. Three days later, it filed a motion with the commission requesting that the agency "initiate new proceedings and set this claim for hearing on the issue of last injurious exposure and the appropriate employer to be charged with this claim." That motion was denied on September 12, 1994, since:

"There has been no allegation that a fraud has been committed, nor a clerical error or mistake resulting in prejudice to the claimant or the employer. Left for consideration under Section 4123.52 is a determination of whether or not new or changed circumstances or conditions have occurred since the final order on the widow-claimant's application for death benefits. The Staff Hearing Officer finds that there are no new or changed circumstances or conditions, and no new evidence which with due diligence could have been discovered prior to the final order.

"The employer maintains that it should be permitted to reopen the question of correct employer. This is based solely on the existence of hand-written business records kept by Donald Preston, deceased. The employer's position is that those business records indicate that he worked with asbestos products after leaving the employ of Frank W. Shaeffer [*sic*] Company. Therefore, employer states that it

was not the last employer with whom the deceased worked where he was exposed to asbestos. Therefore, employer states, it should be relieved of responsibility for this claim. However, a careful reviewing of transcripts of the District Hearing Officer's Hearing on 6/14/94 and the Staff Hearing Officer[']s on 9/12/94 clearly shows that evidence was available.

"According to Mr. Gene Robinson, Controller and Personnel Officer for Frank W. Shaeffer [*sic*], who testified at both hearings, the widow-claimant testified that there were business records available. Employer's counsel at that time commented on the fact that such records did in fact exist. (District Hearing Officer transcript 6/14/94 Pages 5-6, Staff Hearing Officer transcript 9/12/94, Pages 7-8.)

"Therefore, the evidence employer now seeks to rely on was available at least as early as the Regional Board of Review hearing on 5/7/91. Claimant's counsel stated at hearing that the evidence was not requested from the widow-claimant by anyone until much later, after the employer had engaged new counsel. When it was requested[,] it was supplied to the employer.

"Since the evidence was available, and the fact that it was available was know[n] to the controller of the company and to claimant's then counsel, there are no new facts, circumstances, or conditions, or evidence which could not with reasonable diligence have been discovered prior to the final order. Therefore, the employer's appeal is denied. The Staff Hearing Officer has no jurisdiction to disturb the existing order."

{¶ 6} FWS immediately refiled its appeal with the common pleas court. It also filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in refusing to reopen the case. The appeals court disagreed and denied the writ. This cause is now before this court upon an appeal as of right.

———————————

*Pickrel, Schaeffer & Ebeling Co., L.P.A., David C. Korte*, *C. Michelle Depew* and *Mary M. Biagioli*, for appellant.

*Betty D. Montgomery*, Attorney General, and *William J. McDonald*, Assistant Attorney General, for appellee Industrial Commission.

*Samuels & Northrop Co., L.P.A.*, and *Joseph M. Reidy,* for appellee claimant.

_____

*Per Curiam.*

{¶ 7} The payment of compensation for asbestos-related death lies with the employer at which claimant experienced his/her "last injurious exposure." R.C. 4123.68(Y). FWS does not dispute that decedent was exposed to asbestos during his employment with FWS. It does, however, dispute that it was claimant's last injurious exposure. As such, FWS seeks to force the commission to reopen the death claim pursuant to the continuing jurisdiction provisions of R.C. 4123.52. FWS's position is unpersuasive.

{¶ 8} R.C. 4123.52 relevantly provides:

"The jurisdiction of the Industrial Commission * * * over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified."

{¶ 9} Continuing jurisdiction, however, is not unlimited. *State ex rel. B&C Machine Co. v. Indus. Comm.* (1992), 65 Ohio St.3d 538, 605 N.E.2d 372. It can be invoked only in certain enumerated situations, one of which is new and changed circumstances. *State ex rel. Cuyahoga Hts. Bd. of Edn. v. Johnston* (1979), 58 Ohio St.2d 132, 12 O.O.3d 128, 388 N.E.2d 1383. A derivative of this requirement is set forth in former Industrial Commission Resolution No. R93-9-1(B), now Resolution No. R94-1-6(2), which listed the following among the permissible grounds for exercising continuing jurisdiction:

"There exists newly discovered evidence which by due diligence could not have been discovered and filed by the appellant prior to the date of the hearing held under Section 4123.511(D) [of the Revised Code]. Newly discovered evidence shall be relevant to the issue on appeal but shall not be merely corroborative of evidence which was submitted prior to the date of hearing held under Section 4123.511(D)."

{¶ 10} FWS asserts that decedent's business records are newly discovered evidence which could not have been discovered by due diligence. We disagree.

{¶ 11} FWS does not dispute that it knew during the course of administrative proceedings that decedent kept self-employment records and that it did not request those records. Due diligence, at a minimum, required FWS to ask for the records. FWS responds that it did not request the records during administrative proceedings because widow-claimant "misrepresented" the records, stating that they were simply financial records. This defense fails. First, widow-claimant did not misrepresent the nature of the records. They *were* primarily financial records. Again, there was only minimal reference to anything regarding asbestos. Second, even if it had been a misrepresentation, it was FWS's decision to accept widow-claimant's description, rather than secure the records and see for itself. FWS's inaction, under these facts, precludes an assertion of undiscoverability and due diligence.

{¶ 12} FWS also alludes to former Industrial Commission Resolution No. R93-9-1(C), which authorized continuing jurisdiction when substantial injustice would otherwise result. This suggestion also lacks merit. The singular reference to an asbestos encounter in the twenty years or so after claimant left FWS seems grossly inadequate to support a conclusion that decedent's last *injurious* exposure occurred during this period of self-employment. Therefore, there is nothing substantially unjust about leaving decedent's case closed and allowing continued

assessment against the employer at which decedent had his most recent significant exposure to asbestos.

{¶ 13} The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————