DECISION
{¶ 1} Woodline Products, Inc., relator, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying relator's motion under R.C. 4123.52 to reopen a final order allowing a claim for Gregory W. Dyson, claimant-respondent.
{¶ 2} This matter was referred to a court-appointed magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, and has recommended that this court deny relator's request for a writ of mandamus. (Attached as Appendix A.) Relator has filed objections to the magistrate's decision.
{¶ 3} Relator first argues that the magistrate erred in finding that the hospital records of claimant were readily discoverable and, therefore, the commission did not abuse its discretion when denying relator's request to exercise continuing jurisdiction. Relator asserts that any delay in its review of the entire medical record is excusable given the fact that the initial testing was negative for substance abuse, and the remaining medical records were prepared over a period of time and not immediately available. Relator claims it acted in good faith upon this initial determination included in a one-page report and then acted promptly when it discovered the additional evidence indicating alcohol played a role in the accident.
{¶ 4} Continuing jurisdiction is not unlimited. State ex rel. BC Machine Co. v. Indus. Comm. (1992), 65 Ohio St.3d 538. It can be invoked only in certain enumerated situations, one of which is new and changed circumstances. State ex rel. Bd. of Edn. v. Johnston (1979),58 Ohio St.2d 132. A derivative of this requirement is when there exists newly discovered evidence which by due diligence could not have been discovered prior to the allowance or hearing. State ex rel. Frank W. Schaefer, Inc. v. Indus. Comm. (1998), 84 Ohio St.3d 248.
{¶ 5} In the present case, we agree with the magistrate and the commission that the hospital records of February 2, 1999 were readily discoverable, and relator could have obtained the records in a timely manner to appeal the allowance. The February 2, 1999 Lake Hospital records (emergency room report, inpatient lab report, 24-hour medical/surgical flow sheet, and narrative notes) indicate that claimant's blood alcohol level was 0.095, there was an odor of alcohol on his breath, and he admitted to drinking a twelve-pack of beer the previous night. Although relator argues that it relied upon a one-page statement from Lake Hospital indicating a negative substance abuse test on February 2, 1999, due diligence required relator to request the full medical records. See Frank W. Schaefer, Inc., at 251. Nearly all of these Lake Hospital medical records from February 2, 1999 indicating alcohol use were immediately available. The emergency room report of Dr. Efren Glorioso was transcribed within a few hours of dictation on February 2, 1999, but it appears that the doctor did not sign the report until February 16, 1999; thus, it is admittedly conceivable that these notes may have been unavailable until that time. Nevertheless, the Bureau of Workers' Compensation order allowing the claim was filed on February 19, 1999, and relator would have had fourteen days from that date to appeal. Thus, it is clear that all of the Lake Hospital medical records were readily available at the time of the allowance of the claim, and such records would have given relator sufficient cause to suspect that alcohol may have played a role in the accident. It was relator's decision to accept the one-page statement from Lake Hospital rather than secure the medical records and review them itself. See id. Relator's inaction, under these facts, precludes an assertion of undiscoverability and due diligence. See id.
{¶ 6} Relator next asserts that the magistrate erred in finding that the issue presented in this case was appealable to the common pleas court under R.C. 4123.52 and was not reviewable in mandamus. Relator raises no new argument with regard to this issue, and, regardless, the issue is moot considering our determination that the commission did not err in finding it did not have continuing jurisdiction. Relator's objections are overruled.
{¶ 7} After an examination of the magistrate's decision, an independent review of the record pursuant to Civ.R. 53, and due consideration of relator's objections, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it, and deny relator's request for a writ of mandamus.
Objections overruled; writ denied.
PETREE and DESHLER, JJ., concur.
 APPENDIX A IN MANDAMUS
{¶ 8} Relator, Woodline Products, Inc., filed this original action asking the court to issue a writ compelling respondent Industrial Commission of Ohio to vacate its order denying relator's motion under R.C. 4123.52 to reopen a final order allowing a claim.
Findings of Fact:
{¶ 9} On February 2, 1999, Gregory W. Dyson ("claimant") was taken to the emergency room due to traumatic amputation of fingers at work. Claimant was stabilized and transferred to another hospital for special treatment. Both hospitals filed records, including results of a blood test.
{¶ 10} On February 19, 1999, the Ohio Bureau of Workers' Compensation allowed the claim for the amputations and stated that, if the worker or employer disagreed with the decision, either could file an appeal within 14 days. The order warned: "IF AN APPEAL IS NOT RECEIVED WITHIN 14-DAYS, THIS DECISION IS FINAL."
{¶ 11} On October 29, 1999, the employer filed a motion to disallow the claim, submitting hospital records from the date of injury and two additional medical reports, as follows:
{¶ 12} (A) On the date of injury, claimant was treated at the hospital by Efren Glorioso, M.D., who reported inter alia that the blood count was unremarkable except for a blood alcohol level of 0.095 and low potassium. Dr. Efren also commented that nurses reported an odor of alcohol on the patient's breath.
{¶ 13} (B) On the date of injury, a laboratory report stated that claimant's blood had a "TOXIC LEVEL" of ethyl alcohol at .095 gm/dl.
{¶ 14} (C) On the date of injury, P. Somerville, CLPN, noted on claimant's chart that he "drank 12 pk beer last night."
{¶ 15} (D) In July 1999, claimant's psychologist reported "some concerns about possible alcohol abuse."
{¶ 16} (E) In September 1999, Steve Sanford, M.D., opined that, based on metabolization rates, claimant's level of .095 when tested would compute to a level .015 higher when the accident occurred. He concluded that claimant's alcohol-caused impairment at the time of the accident "contributed significantly" to his injury.
{¶ 17} In August 2000, a district hearing officer denied the employer's motion:
 The employer wants to argue that they have continuing jurisdiction to argue the allowance of this claim. They submit the 09/20/1999 report from Dr. Sanford that claimant was significantly impaired by alcohol at the time of this injury and that the injury, therefore did not arise out of the employment.
 The claimant argues that Dr. Sanford's opinion is based upon evidence that was available at the time of the allowance of the claim.
 *** [The employer] did not take a timely appeal from the allowance of this claim. They have not provided a legal basis that would permit this Hearing Officer to reopen the allowance issue. Therefore, the employer's motion of 10/29/1999 is hereby denied.
{¶ 18} In September 2000, a staff hearing officer modified the ruling as follows:
 *** [The] Bureau of Workers' Compensation allowed this claim by order mailed 02/19/1999 and no timely appeal was taken from that order. The *** ongoing jurisdiction provisions of [R.C] 4123.52 allow for reconsideration of the issue of allowance when there are "new and changed circumstances." *** [T]here are no new and changed circumstances in this claim since the 02/02/1999 Lake Hospital System records showing claimant's blood alcohol content were discoverable by the employer ***. The fact that the employer relied upon a one page statement from Lake Hospital System indicating a negative substance abuse test on 02/02/1999 does not change the fact that the employer could have obtained the entire Lake Hospital System records in a timely manner and could have appealed the allowance order.
{¶ 19} Further appeal was refused.
Conclusions of Law:
{¶ 20} The employer argues in mandamus that the commission abused its discretion in refusing to exercise continuing jurisdiction under R.C. 4123.52. The magistrate disagrees. Based on the evidence, the commission was within its discretion to find that the hospital records of February 2, 1999, were readily discoverable and to conclude that the employer could have obtained the records in a timely manner and appealed the allowance. See State ex rel. Frank W. Schaefer, Inc. v. Indus. Comm (1998), 84 Ohio St.3d 248.
{¶ 21} In addition, the decision at issue here dealt with the claimant's right to participate and did not address his extent of disability. Therefore, the commission's decision was appealable under R.C. 4123.512 and is not reviewable in mandamus. See, generally, Afrates v. Lorain (1992), 63 Ohio St.3d 22; Felty v. ATT Technologies, Inc. (1992), 65 Ohio St.3d 234.
{¶ 22} Accordingly, the magistrate recommends that the court deny the requested writ of mandamus.