The State, ex rel. Board of Education of the Cuyahoga Heights Local School District, Appellant, *v.* Johnston et al., Appellees.

(No. 78-1062—Decided May 9, 1979.)

134

*Messrs. Kelley, McCann & Livingstone* and *Mr. Aubrey B. Willacy,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Michael J. Hickey* and *Mr. Robert L. Holder,* for appellees.

*Per Curiam.* Appellant contends that the Court of Appeals erred in denying a writ of mandamus ordering the commission to vacate its order finding claimant permanently and totally disabled from her March 26, 1974, injury.

By its motion to vacate, appellant asked the commission to redetermine the question whether claimant was rendered permanently and totally disabled from her March 26, 1974, injury, a question it had decided affirmatively more than 17 months before the motion was made. Pursuant to R. C. 4123.52, the commission does have continuing jurisdiction over each case and "may make such modification or change * * * with respect thereto, as, in its opinion is justified." In *State, ex rel. Griffey,* v. *Indus. Comm.* (1952), 125 Ohio St. 27, 31, however, this court stated that "[t]his enactment could not have been intended to take away all finality to the orders and findings of the commission."

This court held in the first paragraph of the syllabus in *Griffey, supra,* that the continuing jurisdiction of the com-

mission, under what is now R. C. 4123.52, "applies only to new and changed conditions occurring *after* an original award." (Emphasis added.) This court also indicated, at page 31, that "[a]n application for modification of an award cannot be made the occasion of a complete review of a claim, with the introduction of additional evidence, to determine whether the commission was in error in making the original award." Thus, since appellant's motion to vacate the commission's November 4, 1975, order does not allege any new and changed conditions occurring after that award, the commission did not have jurisdiction to vacate its prior order.

Appellant contends further that the commission's order denying leave to depose the physicians who examined and treated claimant violates the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States. However, "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey* v. *Brewer* (1972), 408 U. S. 471, 481. It does not require the commission to grant appellant leave to depose when it does not have jurisdiction to grant its motion to vacate.

Therefore, since the commission did not abuse its discretion in dismissing appellant's motion to vacate the November 4, 1975, order and did not violate appellant's right to due process of law by denying its motion for leave to depose the examining and treating physicians, the judgment of the Court of Appeals denying the writ of mandamus is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.