[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 261.]

THE STATE EX REL. MANPOWER OF DAYTON, INC., APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Manpower of Dayton, Inc. v. Indus. Comm.*, 2000-Ohio-70.]

*Workers' compensation—Motion by employer to retroactively terminate compensation denied by Industrial Commission—Mandamus sought by employer to vacate commission order—Court of appeals' denial of writ on basis that employer had shown none of the conditions necessary to invoke the commission's continuing jurisdiction for reconsideration affirmed.*

(No. 99-790—Submitted October 11, 2000—Decided November 8, 2000.)

APPEAL from the Court of Appeals for Franklin County, No. 98AP-208.

————————————

{¶ 1} Appellant, Manpower of Dayton, Inc. ("Manpower"), moved appellee Industrial Commission of Ohio to retroactively terminate compensation paid after September 10, 1993 to appellee Michael L. Bolin and to credit Manpower's premium accordingly. The commission denied the motion, and Manpower sought a writ of mandamus to vacate the commission's order. The Court of Appeals for Franklin County denied the writ, finding that Manpower had shown none of the conditions necessary to invoke the commission's continuing jurisdiction for reconsideration. Manpower appeals as of right.

{¶ 2} On September 4, 1993, Bolin fell approximately fifteen feet from an aircraft cargo hold while working as a Manpower temporary employee. The fall broke his left leg, the same leg from which he had had a giant cell tumor removed

in 1989. Bolin's broken leg was treated by orthopaedic surgeon Dr. Bruce T. Rougraff, who reported:

"[Bolin] states that his leg was not giving him any trouble whatsoever and he fell at work [and] sustained a fracture through the area just superior to where he had a previously resected giant cell tumor with bone grafting. His past history is pertinent for a previously intralesional resection and bone grafting for a giant cell tumor of the left distal tibia in 1989. He has gone four years now without any evidence of local recurrence, although his follow-up with Dr. Colyer has been limited to intermittent visits. His last follow-up visit was two years ago.

" * * * The plain films that he brought with him today show what appears to be a pathologic fracture through a recurrent giant cell tumor of the distal tibia. There is a lytic area just proximal to where the lesion was resected and that is the exact area where the fracture line travels. The fibula appears to be intact, again consistent with a pathologic fracture through a bone lesion.

"It is my impression that he has a recurrent giant cell tumor with a pathologic fracture."

{¶ 3} Dr. Rougraff operated to repair Bolin's broken leg and remove the tumor on September 10, 1993. Dr. Rougraff advised the commission that Bolin's work had caused his injury, since "[a]ny fall of fifteen feet can cause a tibia fracture." As a result, Bolin's workers' compensation claim was allowed for "fracture tibia middle left leg," and he qualified for temporary total disability compensation ("TTD").

{¶ 4} Bolin's fracture did not heal quickly. In February 1995, Manpower moved to terminate TTD based on a January 2, 1995 physician's report to the effect that Bolin's injury had reached maximum medical improvement ("MMI"), a disqualifying event. The commission agreed that Bolin had reached MMI and terminated his TTD as of January 2, 1995.

**{¶ 5}** In June 1995, Bolin requested wage-loss compensation. Over Manpower's objection, the commission granted wage-loss compensation for a closed period, from March 29, 1995 through May 18, 1995. Manpower attempted to have this order vacated in an earlier mandamus action, but the court of appeals also denied that request for the writ.

**{¶ 6}** In December 1995, Bolin asked the commission to reactivate his claim and to again pay him TTD, this time commencing as of August 29, 1995, and continuing until his doctor's medical release. The commission ultimately denied reactivation, including medical benefits and TTD, finding that Bolin's allowed condition—fractured left tibia—was no longer an independent cause of his disability. In its May 16, 1997 order, the commission explained:

"Both the Claimant's attending physician, Bruce T. Rougraff, M.D., and the physician who examined the Claimant on behalf of the employer, Thomas A. Bender, M.D., have opined that the Claimant is currently suffering from a recurrent giant cell tumor in the area of the fracture. Dr. Rougraff has stated this diagnosis in reports dated 9/7/93 and 9/18/95. According to the report of Dr. Bender dated 3/11/96, the Claimant has not achieved adequate non-union [*sic*, union] of the bone due to the tumor which weakened the tibia and contributed to the fracture. Dr. Bender explains that 'the natural history of the tumor is of recurrence, weakening of the bone and eventual pathological fracture.' Dr. Bender further states that the Claimant's current medical treatment is for the disease of the giant cell tumor which has recurred and occupies a substantially increased area of the distal left tibia."

**{¶ 7}** While the commission was reviewing Bolin's reactivation request, Manpower moved for retroactive termination of all TTD and wage-loss compensation benefits paid to Bolin since his September 10, 1993 leg surgery. Manpower contended, in effect, that by attributing Bolin's disability to the nonallowed condition of a recurring tumor and by acknowledging that this condition had existed at least as of September 7, 1993, the commission's May 16,

1997 order effectively conceded that Bolin's industrial accident had not caused his disability. The commission rejected this argument and refused the appeal. The commission's refusal to grant retroactive termination prompted Manpower's mandamus action in the court of appeals.

———————————

*Pickrel, Schaeffer & Ebeling Co., L.P.A., David C. Korte* and *Michelle D. Bach*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Dennis L. Hufstader*, Assistant Attorney General, for appellee Industrial Commission.

*Hochman & Roach Co., L.P.A.*, *Gary D. Plunkett* and *Donnah J. Dieterle*, for appellee Bolin.

———————————

*Per Curiam.*

{¶ 8} By the time the commission heard Manpower's request for retroactive termination of Bolin's TTD and wage-loss compensation benefits, the court of appeals had issued the order that confirmed the commission's order granting wage-loss compensation, which Manpower did not appeal, and Bolin's initial eligibility for TTD had long since been determined. Thus, the dispositive issue in this cause is whether the commission had authority to reconsider those orders under the continuing jurisdiction conferred by R.C. 4123.52. The court of appeals held that Manpower had not shown any of the conditions necessary to invoke this jurisdiction. We agree and, accordingly, affirm.

{¶ 9} R.C. 4123.52 grants continuing jurisdiction such that "the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified." But continuing jurisdiction is not unlimited. *State ex rel. B & C Machine Co. v. Indus. Comm.* (1992), 65 Ohio St.3d 538, 541, 605 N.E.2d 372, 375. The prerequisites are (1) new and changed circumstances, (2) fraud, (3) clear mistake of fact, (4) clear

mistake of law, or (5) error by inferior tribunal. *State ex rel. Nicholls v. Indus. Comm.* (1998), 81 Ohio St.3d 454, 458-459, 692 N.E.2d 188, 192, citing *State ex rel. Cuyahoga Hts. Local School Dist. Bd. of Edn. v. Johnston* (1979), 58 Ohio St.2d 132, 12 O.O.3d 128, 388 N.E.2d 1383; *State ex rel. Kilgore v. Indus. Comm.* (1930), 123 Ohio St. 164, 174 N.E. 345; *State ex rel. Weimer v. Indus. Comm.* (1980), 62 Ohio St.2d 159, 16 O.O.3d 174, 404 N.E.2d 149; *State ex rel. Manns v. Indus. Comm.* (1988), 39 Ohio St.3d 188, 529 N.E.2d 1379; and *B & C Machine*.

**{¶ 10}** Manpower alleges new and changed circumstances and a clear mistake based on what it considers to be concessions in the commission's May 16, 1997 order. But the commission's acknowledgements are not new, nor are they admissions of error. As the court of appeals observed, the order did not negate the commission's prior orders finding that Bolin was entitled to benefits; it simply determined that Bolin's disability could no longer be attributed to that industrial injury.

**{¶ 11}** The court of appeals' judgment, therefore, is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————