THE STATE EX REL. MANPOWER OF DAYTON, INC., APPELLANT,
*v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Manpower of Dayton, Inc.
v. Indus. Comm.* (2000), 90 Ohio St.3d 261.]

(No. 99–790—Submitted October 11, 2000—Decided November 8, 2000.)

262

*Pickrel, Schaeffer & Ebeling Co., L.P.A., David C. Korte* and *Michelle D. Bach,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Dennis L. Hufstader,* Assistant Attorney General, for appellee Industrial Commission.

*Hochman & Roach Co., L.P.A., Gary D. Plunkett* and *Donnah J. Dieterle,* for appellee Bolin.

---

***Per Curiam.*** By the time the commission heard Manpower's request for retroactive termination of Bolin's TTD and wage-loss compensation benefits, the court of appeals had issued the order that confirmed the commission's order granting wage-loss compensation, which Manpower did not appeal, and Bolin's initial eligibility for TTD had long since been determined. Thus, the dispositive issue in this cause is whether the commission had authority to reconsider those orders under the continuing jurisdiction conferred by R.C. 4123.52. The court of appeals held that Manpower had not shown any of the conditions necessary to invoke this jurisdiction. We agree and, accordingly, affirm.

R.C. 4123.52 grants continuing jurisdiction such that "the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified." But continuing jurisdiction is not unlimited. *State ex rel. B & C Machine Co. v. Indus. Comm.* (1992), 65 Ohio St.3d 538, 541, 605 N.E.2d 372, 375. The prerequisites are (1) new and changed circumstances, (2) fraud, (3) clear mistake of fact, (4) clear mistake of law, or (5) error by inferior tribunal. *State ex rel. Nicholls v. Indus. Comm.* (1998), 81 Ohio St.3d 454, 458–459, 692 N.E.2d 188, 192, citing *State ex rel. Cuyahoga Hts. Local School Dist. Bd. of Edn. v. Johnston* (1979), 58 Ohio St.2d 132, 12 O.O.3d 128, 388 N.E.2d 1383; *State ex rel. Kilgore v. Indus. Comm.* (1930), 123 Ohio St. 164, 174 N.E. 345; *State ex rel. Weimer v. Indus. Comm.* (1980), 62 Ohio St.2d 159, 16 O.O.3d 174, 404 N.E.2d 149; *State ex rel. Manns v. Indus. Comm.* (1988), 39 Ohio St.3d 188, 529 N.E.2d 1379; and *B & C Machine.*

Manpower alleges new and changed circumstances and a clear mistake based on what it considers to be concessions in the commission's May 16, 1997 order. But the commission's acknowledgements are not new, nor are they admissions of error. As the court of appeals observed, the order did not negate the commis-

sion's prior orders finding that Bolin was entitled to benefits; it simply determined that Bolin's disability could no longer be attributed to that industrial injury.

The court of appeals' judgment, therefore, is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.