DECISION
{¶ 1} Relator, Robert Musson, Jr., has filed an original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order wherein the commission exercised its continuing jurisdiction and vacated an order which granted relator's claim for the additional allowance of "[a]ggravation of pre-existing degenerative disc disease, lumbar spine," and order the commission to allow said claim.
 {¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc. R. 12(M) of the Tenth District Court of Appeals. On February 16, 2006, the magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court deny relator's request for a writ of mandamus. (Attached as Appendix A.) No objections have been filed to that decision.
 {¶ 3} Finding no error of law or other defect on the face of the magistrate's decision, and, based upon an independent review of the evidence, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law. In accordance with the magistrate's decision, relator's request for a writ of mandamus is hereby denied.
Writ denied.
 Klatt, P.J., and Travis, J., concur. APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. Robert Musson, Jr., : :
Relator, : :
v. : No. 05AP-822 :
Hawk Enterprises, Inc. and : The Industrial Commission of Ohio, : :
Respondents. : :
 MAGISTRATE'S DECISION Rendered on February 16, 2006 Gibson, Brelo, Ziccarelli Martello, Robert A. Boyd andJames P. Martello, for relator.
Jim Petro, Attorney General, and Kevin J. Reis, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 4} Relator, Robert Musson, Jr., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order wherein the commission exercised its continuing jurisdiction and vacated the order which granted relator's claim for the additional allowance of "[a]ggravation of pre-existing degenerative disc disease, lumbar spine," and ordering the commission to allow his claim for same.
Findings of Fact:
 {¶ 5} 1. Relator alleges that on February 22, 2000, he sustained a work-related injury while lifting a truck jack while employed by Hawk Enterprises, Inc. ("Hawk").
 {¶ 6} 2. Relator filed an application for workers' compensation benefits.
 {¶ 7} 3. Relator's claim was assigned number 00-338111, and was allowed for "lumbar sprain." Relator's request for temporary total disability ("TTD") compensation for the allowed condition of "lumbar sprain" was granted by order of the staff hearing officer ("SHO") dated July 19, 2000.
 {¶ 8} 4. Hawk's appeal was refused by order of the commission mailed August 18, 2000.
 {¶ 9} 5. On October 20, 2000, Hawk appealed the commission's orders to the Cuyahoga County Court of Common Pleas pursuant to R.C. 4123.52.
 {¶ 10} 6. Following Hawk's notice of appeal, relator filed a complaint in the Cuyahoga County Court of Common Pleas asserting his right to participate in the workers' compensation system for the condition of "lumbar sprain" which he alleged he sustained as a proximate result of the injury suffered on February 22, 2000.
 {¶ 11} 7. On November 6, 2000, relator filed a motion with the commission requesting that his claim be additionally allowed for "aggravation of pre-existing degenerative disc disease of the lumbar spine." Relator's motion was supported by medical reports from Robert D. Zaas, M.D., dated April 11 and October 16, 2000, as well as Dr. Zaas' treatment records dated July 22, August 26 and October 4, 2000, as well as an MRI dated May 4, 2000. Dr. Zaas' reports and office notes indicate that: relator's back pain has become increasingly more severe; he is unable to return to work since the accident; he remains symptomatic; further testing is necessary to rule out a herniated disc; relator's condition is not improving; and that the May 4, 2000 MRI shows multiple level intervertbral disc degeneration from L2 to L5, most marked at the L5 level. Ultimately, Dr. Zaas opined:
* * * [T]he trauma of the February 22, 2000 work accident caused aggravation of preexisting degenerative disc disease in Mr. Musson's lumbar spine. I thus recommend that this claim be amended to include aggravation of preexisting degenerative disc disease of the lumbar spine.
 {¶ 12} 8. On July 9, 2001, relator voluntarily dismissed his action in the Cuyahoga County Court of Common Pleas without prejudice.
 {¶ 13} 9. Relator's motion to additionally allow his claim was heard before a district hearing officer ("DHO") on January 15, 2002. At that time, Hawk argued that the commission did not have jurisdiction over the motion because Hawk had appealed the original allowance of "lumbar sprain." In this respect, the DHO found otherwise as follows:
* * * The District Hearing Officer rules that since the claim has been administratively allowed, there is jurisdiction to address additional conditions in the claim. The District Hearing Officer finds no authority to uphold employer's contention that since the allowance has been appealed by it to court, issues of further allowance should be stayed.
The DHO then addressed the merits of relator's motion seeking the allowance of additional conditions and determined that the motion should be granted as follows:
* * * The District Hearing Officer relies on the 10/16/2000 report of Dr. Zaas which provides that the 02/22/2000 incident caused an aggravation of claimant's pre-existing degenerative condition. "Aggravation of pre-existing degenerative disc disease, lumbar spine", is recognized in the claim.
 {¶ 14} 10. Hawk appealed and the matter was heard before an SHO on February 27, 2002. The SHO affirmed the prior DHO order as follows:
The Hearing Officer finds that since the claim has been administratively allowed, there is jurisdiction to address additional conditions in the claim. The Hearing Officer finds no authority to uphold employer's contention that since the allowance has been appealed by it to court, issues of further allowance should be stayed.
The Hearing Officer relies on the 10/16/2000 report of Dr. Zaas which provides that the 02/22/2000 incident caused an aggravation of claimant's pre-existing degenerative condition. "Aggravation of pre-existing degenerative disc disease, lumbar spine", is recognized in the claim.
 {¶ 15} 11. Hawk's further appeal was refused by order of the commission mailed March 29, 2002.
 {¶ 16} 12. Thereafter, on June 27, 2002, relator refiled his complaint in the Cuyahoga County Court of Common Pleas relative to Hawk's October 20, 2000 appeal regarding relator's right to participate in the workers' compensation system for "lumbar sprain."
 {¶ 17} 13. The issue of whether relator was entitled to participate in the workers' compensation system was heard before a jury which determined that relator was not entitled to participate in the workers' compensation fund for the condition of lumbar sprain. It is undisputed by the parties that the jury's determination was based upon the jury's conclusion that relator's assertion that he sustained an injury on May 2, 2000 was not credible and was not based upon a lack of medical evidence that relator had back problems.
 {¶ 18} 14. Thereafter, on May 28, 2003, the Ohio Bureau of Workers' Compensation ("BWC") referred relator's claim to the commission for consideration of the following issues:
The BWC requests that the Industrial Commission exercise it's continuing jurisdiction pursuant to 4123.52 based on new and changed circumstances and vacate the SHO order dated 2-27-02 which allowed the claim for "aggravation of pre-existing degenerative disc disease, lumbar spine".
Subsequent [to] the SHO's determination[,] it was determined in the court of common pleas that claimant was not entitled to participate for the condition of lumbar sprain. As claimant is not entitled to participate for the condition which was [the] basis of this claim, this claim is disallowed in it's entirety.
This referral is based on Judgment Entry dated May 22, 2003.
 {¶ 19} 15. The matter was heard before a DHO on August 13, 2003. The DHO summarized the respective arguments as follows:
The employer's counsel presented argument to the respect that the underlying allowance of this claim has been denied in court, therefore no other conditions stemming from that condition can remain allowed. Further, counsel indicated that the court trial was prefaced on a credibility issue as to whether an injury even occurred and not on a medical issue.
Counsel for claimant did not dispute that the trial was based on credibility versus medical issues. However, counsel also argued that he was not requesting a flow-through condition and that the additional allowance of aggravation of pre-existing degenerative disc disease is a condition that can stand on its own. Thus, the claim should remain with the additional allowance as an allowed condition of this claim.
Thereafter, the DHO acknowledged that Hawk had never appealed the order regarding the additional allowances in relator's claim. Ultimately, the DHO determined that the commission had jurisdiction to hear the matter and concluded as follows:
The underlying claim has been disallowed. Leading one to conclude that any condition stemming from the underlying claim cannot remain as an allowed condition. The Hearing Officer finds this flows as a logical conclusion. This is compounded by the fact that the underlying condition was denied based upon the credibility of the incident based upon the credibility of the incident of 02/22/2000 causing any injury. The Hearing Officer agrees that the additional allowance is a condition that can stand alone, however it has been presented that the additional allowance was caused by this injury of 02/02/2000 [sic] which has ultimately been denied.
Therefore, the referral filed by the Bureau of Workers' Compensation on 05/28/2003 is granted. The Hearing Officer finds that the Industrial Commission does have jurisdiction to declare the District Hearing Officer [order] of 01/15/2002 and Staff Hearing Officer order of 02/27/2002 are no longer valid since the underlying claim is no longer an allowed claim.
Therefore, the order of the Administrator dated 04/11/2003 is modified to the extent of this order and the C-9 for treatment filed 01/16/2003 is denied; and the order of the Administrator dated 05/14/2003 is vacated, and the C-140 for wage loss filed 05/09/2003 is denied since the underlying claim essentially is non-existent.
 {¶ 20} 16. Relator appealed and the matter was heard before an SHO on October 17, 2003. The SHO's order is somewhat confusing because the SHO indicated that the prior DHO order was being vacated while, at the same time, indicating that relator's appeal was denied. The SHO then went on to indicate that the commission did have continuing jurisdiction to hear the referral from the BWC and concluded that relator's claim was disallowed as follows:
Staff Hearing Officer finds that the subject claim was disallowed in court and any conditions stemming from the incident cannot be allowed, either directly or as a flow through. Staff Hearing Officer further finds that medical treatment and wage loss compensation caused by conditions stemming from the disallowed incident cannot, therefore, be allowed.
All the evidence and arguments submitted as of the date of this hearing have been reviewed and evaluated to render this decision.
 {¶ 21} 17. Further appeal by relator was refused by order of the commission mailed February 28, 2004.
 {¶ 22} 18. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 23} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that he has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986),26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State exrel. Lewis v. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 24} In this mandamus action, relator asserts that the commission abused its discretion by exercising its continuing jurisdiction over the commission's previous orders additionally allowing relator's claim for "aggravation of pre-existing degenerative disc disease of the lumbar spine." Relator reasons that, because Hawk did not file an appeal to the common pleas court from the commission's orders additionally allowing his claim for the above aggravation, the commission could not exercise its continuing jurisdiction later. Conversely, Hawk reasons that the May 15, 2003 judgment entry following the jury verdict in the Cuyahoga County Court of Common Pleas wherein it was determined that relator was not entitled to participate in the workers' compensation system for the condition of lumbar sprain constitutes a "new and changed circumstance" which permitted the commission to exercise its continuing jurisdiction in this matter. Additionally, the parties disagree as to whether or not relator's claim should be allowed for the "[a]ggravation of pre-existing degenerative disc disease, lumbar spine," in light of the fact that the jury determined that relator did not have the right to participate for "lumbar sprain."
 {¶ 25} Pursuant to R.C. 4123.52, "[t]he jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified." In State ex rel. B C Machine Co. v.Indus. Comm. (1992), 65 Ohio St.3d 538, 541-542, the court examined the judicially-carved circumstances under which continuing jurisdiction may be exercised, and stated as follows:
R.C. 4123.52 contains a broad grant of authority. However, we are aware that the commission's continuing jurisdiction is not unlimited. See, e.g., State ex rel. Gatlin v. Yellow FreightSystem, Inc. (1985), 18 Ohio St.3d 246 * * * (commission has inherent power to reconsider its order for a reasonable period of time absent statutory or administrative restrictions); State exrel. Cuyahoga Hts. Bd. of Edn. v. Johnston (1979),58 Ohio St.2d 132 * * * (just cause for modification of a prior order includes new and changed conditions); State ex rel. Weimer v. Indus.Comm. (1980), 62 Ohio St.2d 159 * * * (continuing jurisdiction exists when prior order is clearly a mistake of fact); State exrel. Kilgore v. Indus. Comm. (1930), 123 Ohio St. 164 * * * (commission has continuing jurisdiction in cases involving fraud); State ex rel. Manns v. Indus. Comm. (1988),39 Ohio St.3d 188 * * * (an error by an inferior tribunal is a sufficient reason to invoke continuing jurisdiction); and State ex rel.Saunders v. Metal Container Corp. (1990), 52 Ohio St.3d 85 * * * (mistake must be "sufficient to invoke the continuing jurisdiction provisions of R.C. 4123.52"). Today, we expand the list set forth above and hold that the Industrial Commission has the authority pursuant to R.C. 4123.52 to modify a prior order that is clearly a mistake of law. * * *
 {¶ 26} The commission argues that the jury's denial of the original condition based upon a determination that relator lacked credibility as to whether an injury actually occurred, constitutes new and changed circumstances which authorize the commission to exercise continuing jurisdiction over the issue of whether relator's claim would still be allowed for an additional condition which could, arguably, stand alone from the originally allowed condition of lumbar sprain. Conversely, relator contends that the jury's decision is irrelevant because, pursuant to R.C.4123.512, the statute of limitations has expired and Hawk cannot challenge the commission's order granting his motion to additionally allow his claim for aggravation of preexisting degenerative disc disease, lumbar spine.
 {¶ 27} Relator cites several different cases in support of his argument. In State ex rel. Keith v. Indus. Comm. (1991),62 Ohio St.3d 139, the claimant was discovered to be bowling after the date of his injury but during a time period when he was receiving TTD compensation. The employer requested that the commission vacate the original allowance itself. Ultimately, the court ruled that, while the evidence of claimant bowling was new, the conditions underlying the original injury had not changed and therefore the commission did not have jurisdiction to vacate the original allowance itself.
 {¶ 28} Relator also cites Kilgore v. Daugherty, Admin. Bur.of Workers' Comp. (June 1, 1983), Lorain App. No. C.A. NO. 3451, in support of his argument. In Kilgore, the claimant alleged that she had developed contact dermatitis, an occupational disease, as a result of her job as a machine operator. The claimant's claim was allowed for contact dermatitis and the employer did not appeal. Following the original diagnosis and allowance, evidence was obtained that claimant had a history of eczema and a possible allergic reaction to nickel. Thereafter, the employer attempted to have the original allowance vacated based upon the newly discovered medical evidence. The commission denied the employer's motion and the Ninth District Court of Appeals agreed based upon the determination that the evidence which the employer was now presenting was discoverable and ascertainable at the time of the hearing and therefore did not qualify as a new and changed circumstance.
 {¶ 29} Relator also cites Standard Oil Co. v. Bosworth
(Mar. 11, 1982), Fairfield App. No. 52-CA-81, wherein the claimant alleged that he sustained an injury in the course of and arising out of his employment. The commission determined that the claimant's injury was not sustained in the course of his employment and disallowed the claim. The claimant filed an appeal to the appropriate common pleas court and thereafter the court issued an order remanding the matter to the commission to consider whether or not a psychiatric disability or substantial aggravation of a preexisting psychiatric disability had occurred on the date of the injury. On appeal, the Fifth District Court of Appeals concluded that the common pleas court did not have authority to remand the matter to the commission and further stated that the commission would not have jurisdiction to do that which the common pleas court was ordering it to do inasmuch as the commission does not have jurisdiction to modify or vacate an order denying a claim after such time for appeal has expired.
 {¶ 30} Lastly, relator cites State ex rel. WoodlineProducts, Inc. v. Dyson, Franklin App. No. 02AP-397, 2002-Ohio-6561. In that case, the employer sought a writ of mandamus to compel the commission to vacate its order which had denied the employer's motion to reopen a final order allowing the claimant's workers' compensation claim. The claimant had sustained a traumatic amputation of his fingers while at work. On February 19, 1999, the BWC allowed claimant's claim and the employer did not appeal. Later, in October 1999, the employer filed a motion to disallow the claim and submitted records from the hospital as well as two additional medical reports indicating that alcohol may have played a part in the injury claimant sustained. The commission determined that there were no new and changed circumstances because the hospital records showing claimant's blood alcohol content were discoverable by the employer and did not constitute newly discovered evidence. This court agreed.
 {¶ 31} None of the above cases cited by relator control the determination in this case specifically because, in each instance, it was determined that the evidence being presented later did not constitute "new and changed circumstances." However, in the present case, the jury's ultimate determination that relator did not present credible evidence that he actually sustained an injury on February 22, 2000, does constitute new and changed circumstances which would permit the commission to exercise its continuing jurisdiction.
 {¶ 32} The time line in the present case is especially relevant. On August 18, 2000, the employer's appeal was ultimately denied. The employer appealed the matter to the common pleas court in a timely manner on October 20, 2000. Thereafter, relator filed the compliant, as required pursuant to R.C.4123.512. Then, on November 6, 2000, relator filed a motion requesting that his claim be additionally allowed for new conditions. Before that motion was ever heard by the commission, relator dismissed the appeal pending in the common pleas court, as is permissible. Thereafter, by final order mailed March 29, 2002, relator's claim was allowed by the commission for the additional conditions. It was after that determination that relator refiled the complaint in common pleas court relative to the employer's appeal from the original allowance of the claim. Relator's complaint was filed on June 27, 2002, three months after the commission allowed relator's claim for additional conditions. It was not until May 15, 2003, that a judgment entry went on in the common pleas court finding that relator was not entitled to participate in the workers' compensation fund for the condition of lumbar sprain because a jury did not find credible evidence that relator had actually sustained an injury on that date.
 {¶ 33} In this mandamus action, relator does not assert that the jury did not base its decision that he could not participate in the workers' compensation claim based upon the fact that the jury did not find him to be credible. As such, the jury did not deny relator the right to participate in the workers' compensation fund because relator failed to present medical evidence of a back condition; instead, the jury found that there was no incident on February 22, 2000 which caused any injury.
 {¶ 34} Upon review, the magistrate notes that, if the jury had simply found that the incident on February 22, 2000 did not cause relator to have a lumbar sprain, then the commission would not necessarily have had continuing jurisdiction to disallow the claim for the aggravation of preexisting degenerative disc disease, lumbar spine because, while the injury may not have caused a lumbar sprain, it may have aggravated a back condition from which relator had already suffered. However, the fact that the jury found that no incident occurred on February 22, 2000 means that no claim could arise as of that date because no incident had occurred. That fact does constitute new and changed circumstances and is not a fact which the employer could have readily discovered.
 {¶ 35} Based on the foregoing, the magistrate finds that relator has not demonstrated that the commission abused its discretion in exercising its continuing jurisdiction based upon new and changed circumstances of the jury concluding that no incident occurred on February 22, 2000 which would have caused an injury and relator's request for a writ of mandamus is denied.