[Cite as *State ex rel. Croston v. Alliance Castings Co.*, 2017-Ohio-6900.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Timothy Croston, | : | |
| Relator, | : | |
| v. | : | No. 15AP-937 |
| Alliance Castings Company and Ohio Industrial Commission, | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on July 20, 2017

**On brief:** *Schiavoni, Schiavoni, Bush & Muldowney,* and *Shawn R. Muldowney,* for relator.

**On brief:** *Michael DeWine*, Attorney General, and *Kevin J. Reis,* for respondent Industrial Commission of Ohio.

IN MANDAMUS
ON OBJECTIONS TO MAGISTRATE'S DECISION

BRUNNER, J.

{¶ 1} Relator, Timothy Croston, filed this original action requesting that this Court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("the commission"), to vacate its order refusing to exercise its continuing jurisdiction, to exercise its continuing jurisdiction, and to determine that he is entitled to 50 additional weeks of permanent partial disability ("PPD") compensation.

{¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate, who issued the appended decision, including findings of fact and conclusions of law in support of the conclusion that this Court should deny Croston's request for a writ of mandamus.

No. 15AP-937

{¶ 3} Croston has filed objections to the magistrate's findings.

{¶ 4} After an examination of the magistrate's decision, an independent review of the record pursuant to Civ.R. 53, and due consideration of the objections, we overrule Croston's objections and adopt the magistrate's findings of fact and conclusions of law as our own, with the exception of the language noted below. Because we find that the commission did not abuse its discretion, we deny Croston's request for a writ of mandamus.

## I. FACTS AND PROCEDURAL BACKGROUND

{¶ 5} Croston sustained a work-related injury that resulted in his right leg being amputated below the knee. By order mailed November 14, 2013, the Ohio Bureau of Workers' Compensation ("BWC") awarded 150 weeks of PPD compensation to Croston, based on the surgical report which indicated that Croston's right leg was amputated below the knee, although the order also contained language that Croston had sustained a 100 percent amputation of his right leg. The BWC order set forth Croston's appeal rights, as follows:

> Ohio law requires that BWC allow the injured worker or employer 14 days from the receipt of this order to file an appeal. If the injured worker and employer agree with this decision, the 14-day appeal period may be waived. * * *
>
> If the injured worker or the employer disagrees with this decision, either may file an appeal within 14 days of receipt of this order. Appeals are filed with the Industrial Commission of Ohio (IC), either via the internet at www.ohioic.com or at the following office: [address omitted].
>
> * * *
>
> THIS DECISION BECOMES FINAL IF A WRITTEN APPEAL IS NOT RECEIVED WITH 14 DAYS OF RECEIVING THIS NOTICE.

(Emphasis sic.) (Dec. 3, 2015 Stipulation of Evidence at 23.) Neither Croston nor his employer, respondent Alliance Castings Company, LLC, appealed the order.

{¶ 6} Approximately 13 months later, Croston filed a motion requesting that he be awarded an additional 50 weeks PPD compensation, based on language in the BWC order indicating he had sustained a 100 percent amputation of his right leg. BWC referred Croston's motion to the commission, recommending that his request be denied because,

"based on the point of amputation," it constituted the "loss of a foot," for which the scheduled loss of use award is 150 weeks, pursuant to R.C. 4123.57(B). (Stipulation of Evidence at 20.)

{¶ 7} Croston's motion was rejected at district and staff-level hearings. The District Hearing Officer ("DHO") found that no appeal had been filed to the BWC order, making that order a final order. The DHO further found that no basis had been established for the commission to exercise continuing jurisdiction in this matter, and thus there was "no jurisdiction to address the 50 weeks of compensation." *Id.* at 18.

{¶ 8} The Staff Hearing Officer ("SHO") also denied Croston's request for the commission to invoke continuing jurisdiction. The SHO found that the BWC order relied on the surgical report which referenced a below-the-knee amputation, and "[t]hus, the medical evidence cited by [BWC] is consistent with the award for 150 weeks." *Id.* at 15-16. The SHO noted that relief pursuant to R.C. 4123.52 is an extraordinary relief. In this matter, Croston disagreed with the BWC order. The remedy for disagreement is an appeal, but no appeal was filed as to the BWC order.

{¶ 9} Croston's appeal was refused by order of the commission mailed May 7, 2015.

{¶ 10} Croston then filed a request for reconsideration asserting that the BWC order found that he had sustained a "100% amputation of the right leg" and, as such, he should have been awarded 200 weeks of PPD compensation. (Stipulation of Evidence at 10.) He argued that the award of 150 weeks constituted a clerical error, as the award should have been for 200 weeks. His request for reconsideration was denied by order mailed June 13, 2015.

{¶ 11} Croston filed this mandamus action on October 13, 2015.

{¶ 12} The magistrate found that Croston had not demonstrated that the commission abused its discretion when it determined that he had not met his burden of proving that he had sustained a 100 percent loss of his right leg by amputation, that he was only entitled to 150 weeks of PPD compensation, and in further denying his request to exercise continuing jurisdiction. Consequently, the magistrate recommends that this Court deny Croston's request for a writ of mandamus.

## II. OBJECTIONS TO MAGISTRATE'S DECISION

{¶ 13} Croston presents for our review two objections to the magistrate's decision:

No. 15AP-937

> [1.] Relator objects to the Magistrate's finding that the Bureau of Workers' Compensation order of November 14, 2013, did not contain a clear error, therefore, invoking the Industrial Commission's continuing jurisdiction pursuant to Ohio Revised Code 4123.52.
>
> [2.] Relator objects to the Magistrate's finding that the Relator did not sustain a 100% amputation of the right leg.

## III. LAW AND DISCUSSION

{¶ 14} It appears that Croston seeks a writ of mandamus to accomplish what a timely appeal of the BWC order could have provided him. Unfortunately, mandamus cannot be had because Croston cannot establish its necessary elements as a matter of law.

{¶ 15} To be entitled to relief in mandamus, Croston must establish that he has a clear legal right to relief, and that the commission has a clear legal duty to provide such relief. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967), paragraph nine of the syllabus. To do so, Croston must demonstrate that the commission abused its discretion and, "in this context, abuse of discretion has been repeatedly defined as a showing that the commission's decision was rendered without some evidence to support it." *State ex rel. Burley v. Coil Packaging, Inc.*, 31 Ohio St.3d 18, 20 (1987). Where the record contains some evidence to support the commission's findings, there has been no abuse of discretion, and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). To be successful in this mandamus action, Croston must show that the commission's decision is not supported by some evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). Further, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as the fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 16} The magistrate's decision includes a comprehensive discussion of the statutory and case law regarding the commission's exercise of continuing jurisdiction. The magistrate examined the facts of the instant case through the lens of the Supreme Court of Ohio's holding in *State ex rel. B & C Machine Co. v. Indus. Comm.*, 65 Ohio St.3d 538, 541-42 (1992) that, although R.C. 4123.52 contains a broad grant of authority, the commission's continuing jurisdiction is not unlimited.

No. 15AP-937

{¶ 17} The magistrate noted that Croston failed to appeal the BWC order that awarded him 150 weeks of PPD compensation, and further, that "[r]es judicata bars any change to a final order unless the moving party can satisfy the requirements under R.C. 4123.52 for the exercise of continuing jurisdiction. *See State ex rel. Nicholls v. Indus. Comm.*, 81 Ohio St.3d 454 (1998)." (App'x at ¶ 39.)

{¶ 18} The magistrate was unpersuaded by Croston's assertion that he had presented sufficient evidence that the BWC order contained a clerical error, and that he has a clear legal right to have the commission exercise continuing jurisdiction and award him the additional 50 weeks of compensation to which he believes he is entitled, stating:

> The magistrate disagrees with relator's argument. First, the stipulation of evidence is clear: relator's right leg was amputated below his knee. The surgical report indicates that his fibula was cut just proximal to the level which was approximately 12 centimeters from the joint line. (It is unclear to the magistrate whether the joint line is the knee or the ankle. Assuming the joint line is the knee, relator's leg was amputated approximately four inches below his right knee.)

(App'x at ¶ 41.) The magistrate reviewed the schedule of compensation contained in R.C. 4123.57(B), which provides "[f]or the loss of a foot, one hundred fifty weeks." The magistrate, giving due deference to the commission's statutory interpretation consistent with the holding in *Swallow v. Indus. Comm.,* 36 Ohio St.3d 55, 57 (1988), found that the commission did not abuse its discretion with respect to Croston's motion:

> The magistrate finds that the commission did not abuse its discretion when it determined that [Croston] had not met his burden of proving that he had sustained a 100 percent loss of his right leg by amputation, that he was only entitled to 150 weeks of PPD compensation, and in further denying his request to exercise continuing jurisdiction. The stipulation of evidence shows that, while relator has clearly lost more than just his right foot, he has not lost his entire leg.

(App'x at ¶ 44.) However, to the extent the magistrate factually interprets the BWC's decision, we do not adopt the magistrate's decision as our own. Specifically, we exclude the following language:

> To the extent there appears to be any clerical error, that error involved the BWC's statement that relator had a "100%

No. 15AP-937

> AMPUTATION of the RIGHT LEG" when it is clear he did not.
> As such, it is this magistrate's decision that this court should
> deny relator's request for a writ of mandamus.

(Emphasis sic.) *Id.* We deny Croston's petition for a writ of mandamus because he has not established all its necessary elements as a matter of law.

## IV. CONCLUSION

{¶ 19} Upon review of the magistrate's decision, an independent review of the record, and due consideration to Croston's objections, we find the magistrate has properly stated salient facts and applied the appropriate law in finding that Croston is not entitled to relief in mandamus. Therefore, we overrule Croston's objections to the magistrate's decision and adopt the decision as our own, including the findings of facts and conclusions of law therein, with the exception of language noted above. Consistent with the legal conclusions reached by the magistrate, the requested writ of mandamus is denied.

*Objections overruled;*
*writ of mandamus denied.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

_____

No. 15AP-937

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Timothy Croston, | : | |
| Relator, | : | |
| v. | : | No. 15AP-937 |
| Alliance Castings Company | : | (REGULAR CALENDAR) |
| and Ohio Industrial Commission, | : | |
| Respondents. | : | |

MAGISTRATE'S DECISION

Rendered on April 27, 2016

*Schiavoni, Schiavoni, Bush & Muldowney,* and *Shawn R. Muldowney,* for relator.

*Michael DeWine,* Attorney General, and *Kevin J. Reis,* for respondent Industrial Commission of Ohio.

IN MANDAMUS

{¶ 20} Relator, Timothy Croston, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order refusing to exercise continuing jurisdiction, to exercise its continuing jurisdiction and determine that relator is entitled to 50 additional weeks of permanent partial disability ("PPD") compensation.

Findings of Fact:

{¶ 21} 1. Relator sustained a work-related injury on July 25, 2013 when he fell from a ladder and fractured certain bones in his right ankle and leg. Relator's workers'

No. 15AP-937

compensation claim was originally allowed for "closed fractured talus right ankle; right distal tibia fracture."

{¶ 22} 2. Following surgery, relator's right leg developed gangrene and was amputated below the knee. Relator's claim was additionally allowed for "gangrene right; right leg amputation below knee unilateral."

{¶ 23} 3. In an order mailed November 14, 2013, the Ohio Bureau of Workers' Compensation ("BWC") made the following award of PPD compensation to relator:

> The Ohio Bureau of Workers' Compensation (BWC) has made the following decision:
>
> The injured worker has sustained a 100% AMPUTATION of the RIGHT LEG. It is ordered that the injured worker be awarded permanent partial compensation for 150 weeks at the rate of $837.00 from 09/23/2013 to 08/07/2016. The total award is $125,550.00.
>
> This decision is based on:
>
> Surgery report dated 9-23-13 and C9 dated 10-15-13.

(Emphasis sic.)

{¶ 24} The surgical report on which that decision was premised indicates that the operation was "[r]ight below knee amputation" and further provides that the amputation was made "approximately 12 cm from the joint line."

{¶ 25} 4. Neither relator nor his employer appealed this determination.

{¶ 26} 5. In December 2014, relator filed a motion requesting the following:

> Now comes the claimant and asks he be awarded an additional 50 weeks, as the claimant was originally ordered 100% amputation of the right leg and it would appear that only 150 weeks were paid instead of 200 weeks. Please pay the additional 50 weeks.

{¶ 27} 6. In an order mailed January 9, 2015, the BWC referred relator's motion to the commission and recommended the following:

> BWC recommends that C86 filed [12/10/2014] requesting an additional 50 weeks for permanent partial compensation be denied because based on the point of amputation the [Injured Worker is] only entitled to loss of the foot which is 150 weeks and that is what is being paid.

No. 15AP-937

{¶ 28} 7. Relator appealed and the matter was heard before a district hearing officer ("DHO") on February 23, 2015. The DHO denied relator's request finding that the November 14, 2013 BWC order was a final order which had not been appealed. Specifically, the DHO order provides:

> For clarification, per the Injured Worker's counsel, counsel is requesting the Industrial Commission to invoke continuing jurisdiction pursuant to Ohio Revised Code Section 4123.52. Counsel alleges the Bureau of Workers' Compensation order dated 11/14/2013 and [sic] contains an error. Specifically, Counsel for the Injured Worker alleges the BWC correctly ordered a 100% amputation of the right leg but incorrectly awarded permanent partial compensation for 150 weeks.
>
> In the instant claim the permanent partial award was set on 11/14/2013. Counsel for the Injured Worker is dissatisfied with the award and believed it should have been a 200 week award.
>
> The Counsel for the Injured Worker's request to invoke continuing jurisdiction is denied. Relief pursuant to Ohio Revised Code section 4123.52 is an extraordinary remedy. The remedy for disagreement of an Industrial Commission order is an appeal. In the instant claim, no appeal was filed to the decisions placed on 11/14/2013. Therefore the BWC order dated 11/14/2014 [sic] is a final order.
>
> As no basis has been established in support of R.C. section 4123.52, the Counsel for the Injured Worker's request is denied. Further there is no jurisdiction to address the 50 weeks of compensation.

{¶ 29} 8. Relator's appeal was heard before a staff hearing officer ("SHO") on April 10, 2015. The SHO affirmed the prior DHO order and denied relator's request that the commission exercise its continuing jurisdiction finding that the medical evidence cited by BWC was consistent with the award of compensation for 150 weeks, and further finding that relator had not appealed that order. Specifically, the SHO order provides:

> For clarification, per the Injured Worker's Counsel, the Injured Worker is requesting the Industrial Commission invoke continuing jurisdiction pursuant to Ohio Revised Code section 4123.52. Counsel contends the order of the Administrator issued 11/14/2013 contains an error. Counsel is

> requesting the Industrial Commission invoke continuing jurisdiction to correct a mistake of an inferior tribunal.
> Specifically, Counsel asserts the Administrator incorrectly awarded 150 weeks of compensation for the amputation of the right leg. Counsel contends the award should be for 200 weeks of compensation.
>
> The request to invoke continuing jurisdiction is denied.
>
> This order is based on the order of the Administrator issued 11/14/2013. Said order addresses the C-9 Request for Medical Service Reimbursement or Recommendation for Additional Conditions for Industrial Injury or Occupational Disease filed 10/15/2013. The C-9 filed 10/15/2013 completed by John Riester, M.D., requests the additional allowance of a below the right knee amputation. The order of the Administrator references reliance upon the surgical report dated 09/23/2013. The surgical report references a below the knee amputation. Thus, the medical evidence cited by the Administrator is consistent with the award of compensation for 150 weeks.
>
> Additionally, the Staff Hearing Officer notes that relief pursuant to Ohio Revised Code section 4123.52 is an extraordinary relief. The Administrator placed the order on 11/14/2013. Counsel for the Injured Worker disagrees with the order. However, no appeal to the order was filed. The remedy for disagreement of an order is an appeal.
>
> This order is based on Ohio Revised Code section 4123.52, surgical report dated 09/23/2013, and C-9 filed 10/15/2013 completed by Dr. Riester.

{¶ 30} 9. Relator's appeal was refused by order of the commission mailed May 7, 2015.

{¶ 31} 10. Relator filed a request for reconsideration asserting that the November 14, 2013 BWC order found that relator had sustained a "100% amputation of the right leg" and, as such, he should have been awarded 200 weeks of PPD compensation. Relator argues that he believed that the award of 150 weeks constituted a clerical error when the award clearly should have been for 200 weeks.

{¶ 32} 11. In an order mailed June 13, 2015, relator's request for reconsideration was denied.

No. 15AP-937

{¶ 33} 12. Thereafter, relator filed the instant mandamus action in this court.

Conclusions of Law:

{¶ 34} For the reasons that follow, it is this magistrate's decision that this court should deny relator's request for a writ of mandamus.

{¶ 35} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 36} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 37} Pursuant to R.C. 4123.52, "[t]he jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified." In *State ex rel. B & C Machine Co. v. Indus. Comm.*, 65 Ohio St.3d 538, 541-42 (1992), the court examined the judicially-carved circumstances under which continuing jurisdiction may be exercised, and stated as follows:

> R.C. 4123.52 contains a broad grant of authority. However, we are aware that the commission's continuing jurisdiction is not unlimited. *See, e.g., State ex rel. Gatlin v. Yellow Freight System, Inc.* (1985), 18 Ohio St.3d 246, 18 OBR 302, 480 N.E.2d 487 (commission has inherent power to reconsider its

No. 15AP-937

order for a reasonable period of time absent statutory or administrative restrictions); *State ex rel. Cuyahoga Hts. Bd. of Edn. v. Johnston* (1979), 58 Ohio St.2d 132, 12 O.O.3d 128, 388 N.E.2d 1383 (just cause for modification of a prior order includes new and changed conditions); *State ex rel. Weimer v. Indus. Comm.* (1980), 62 Ohio St.2d 159, 16 O.O.3d 174, 404 N.E.2d 149 (continuing jurisdiction exists when prior order is clearly a mistake of fact); *State ex rel. Kilgore v. Indus. Comm.* (1930), 123 Ohio St. 164, 9 Ohio Law Abs. 62, 174 N.E. 345 (commission has continuing jurisdiction in cases involving fraud); *State ex rel. Manns v. Indus. Comm.* (1988), 39 Ohio St.3d 188, 529 N.E.2d 1379 (an error by an inferior tribunal is a sufficient reason to invoke continuing jurisdiction); and *State ex rel. Saunders v. Metal Container Corp.* (1990), 52 Ohio St.3d 85, 86, 556 N.E.2d 168, 170 (mistake must be "sufficient to invoke the continuing jurisdiction provisions of R.C. 4123.52"). Today, we expand the list set forth above and hold that the Industrial Commission has the authority pursuant to R.C. 4123.52 to modify a prior order that is clearly a mistake of law.

{¶ 38} In the present case, it is clear that relator did not appeal the BWC order awarding him 150 weeks of compensation. Res judicata bars any change to a final order unless the moving party can satisfy the requirements under R.C. 4123.52 for the exercise of continuing jurisdiction. *See State ex rel. Nicholls v. Indus. Comm.*, 81 Ohio St.3d 454 (1998).

{¶ 39} Relator asserts that he presented sufficient evidence that the BWC order contained a clerical error. Because the BWC's orders additionally allowing his claim for right leg amputation below knee unilateral and finding that he had sustained a 100 percent amputation of the right leg are seemingly inconsistent, relator asserts there must be a clerical error. Relator asserts a clear legal right to have the commission exercise continuing jurisdiction, and award him the additional 50 weeks of compensation to which he believes he is entitled.

{¶ 40} The magistrate disagrees with relator's argument. First, the stipulation of evidence is clear: relator's right leg was amputated below his knee. The surgical report indicates that his fibula was cut just proximal to the level which was approximately 12 centimeters from the joint line. (It is unclear to the magistrate whether the joint line is the

No. 15AP-937

knee or the ankle. Assuming the joint line is the knee, relator's leg was amputated approximately four inches below his right knee.)

{¶ 41} R.C. 4123.57(B) sets forth the schedule of compensation associated with the applicable injury. The statute provides:

> In cases included in the following schedule the compensation payable per week to the employee is the statewide average weekly wage as defined in division (C) of section 4123.62 of the Revised Code per week and shall be paid in installments according to the following schedule:
>
> * * *
>
> For the loss of a foot, one hundred fifty weeks.

{¶ 42} "It is a well-settled rule that courts, when interpreting statutes, must give due deference to an administrative interpretation formulated by an agency that has accumulated substantial expertise, and to which the General Assembly has delegated the responsibility of implementing the legislative command." *Swallow v. Indus. Comm.,* 36 Ohio St.3d 55, 57 (1988).

{¶ 43} The magistrate finds that the commission did not abuse its discretion when it determined that relator had not met his burden of proving that he had sustained a 100 percent loss of his right leg by amputation, that he was only entitled to 150 weeks of PPD compensation, and in further denying his request to exercise continuing jurisdiction. The stipulation of evidence shows that, while relator has clearly lost more than just his right foot, he has not lost his entire leg. To the extent there appears to be any clerical error, that error involved the BWC's statement that relator had a "100% AMPUTATION of the RIGHT LEG" when it is clear he did not. (Emphasis sic.) As such, it is this magistrate's decision that this court should deny relator's request for a writ of mandamus.

/S/ MAGISTRATE
STEPHANIE BISCA

No. 15AP-937

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).